CORA R. TUTTLE and HARRY E. TUTTLE, her husband, *Appellants*, vs. JOHN E. EHREHART, *Appellee*.

137 So. 245.

Division B.

Opinion filed October 7, 1931.

1130

*H. Pierre Branning* and *Cecil C. Curry,* of Miami, for Appellants;

*Kunkel & White* and *John C. Gramling,* of Miami, for Appellee.

DAVIS, J.—A foreclosure proceeding was had in the court below which resulted in a sale of certain property under a first mortgage. After the sale there was left in the hands of the Master in Chancery a surplus in the sum of $5,997.86. This appeal is from an order distributing this surplus to John H. Ehrehart, complainant in the court below, who had become the assignee of certain judgments which had been rendered against Paul M. Beacom, the original mortgagor.

It appears from the record that Paul M. Beacom was the owner of the property in question in the foreclosure proceedings. On February 13, 1925, Beacom and his wife mortgaged the property to one Thornton B. Cox. This mortgage was later assigned to John H. Ehrehart, who foreclosed the same in this suit which was instituted by him in the court below against Paul M. Beacom, Bonnie Beacom, his wife, Cora Tuttle and Henry E. Tuttle, her husband, Acme Supply Company, and Standard Oil Company as defendants.

The suit was begun on March 30, 1928, and the final decree of foreclosure signed on March 11, 1929. On May 27, 1925, subsequent to the making of the mortgage, but prior to the institution of foreclosure proceedings, Paul M. Beacom and Bonnie Beacom executed and delivered to the Tuttles a contract of sale and purchase for the mortgaged property, which was duly acknowledged and recorded. This contract provided for a sale of the property to Cora R. Tuttle and Harry E. Tuttle for the sum of $65,-000.00. payable $18,250.00 in cash, which was paid at the time of the execution of the contract. The balance was provided to be paid in three equal yearly installments.

On June 2, 1926, the Tuttles paid to Beacom the sum of $5,000.00 on the principal, as well as interest on the unpaid balance of $46,750.00 up to and including May 27, 1926. Nothing else was paid on the contract after that time.

On July 6, 1927, the Frank T. Budge Company recovered a judgment against Paul M. Beacom in the sum of $2,612.26; on July 25, 1927, the Acme Supply Company recovered a judgment against the same defendant in the sum of $3,469.00; and on December 20, 1927, the Standard Oil Company recovered a judgment against Beacom in the sum of $1,246.61. John Ehrehart procured an assignment of all the judgments against Paul M. Beacom, and as assignee thereof petitioned the court below for distribution

of the surplus moneys derived from the foreclosure to satisfy the said judgments against Beacom in so far as the same would do so.

Beacom answered the petition filed by Ehrehart and joined in his prayer that the surplus moneys be applied to the judgments. The Tuttles by their answer protested this distribution and asserted a right to have the surplus moneys paid over to them as vendees under the contract of purchase and sale which they had made with Beacom.

The court awarded the money to the assignee of the judgments against Beacom and the Tuttles appealed.

The claim of Corrie R. Tuttle and her husband is based upon alleged equitable rights and an alleged vendees' claim under the written contract as purchasers from the defendant Paul M. Beacom of the property covered by the mortgage foreclosure. At the time of the foreclosure of the mortgage the Tuttles were in default under the contract to the extent of $36,750.00 and interest thereon from May 27, 1926. No justification for such default is asserted. The property involved in the contract was improved and the contract purchasers received the use and possession of the premises from the date of the making of the contract to the delivery of the Master's deed to the purchaser at the foreclosure sale, a period of nearly four years.

The contract purchasers rely upon the proposition that where one in possession of mortgaged premises under an agreement to purchase pays part of the consideration, he is entitled to be reimbursed his payments out of the surplus arising under a sale of foreclosure in preference to creditors whose judgments were recovered after the execution of the contract to purchase and entry into possession by the purchaser provided he has no notice of the entry of the judgment before making payment. 42 C. J. 317; Durling v. Stillwell, 74 N. J. Eq. 697. They also assert that the interest of a vendee under an executory contract is that of an owner and not that of a creditor, and that it is

not required that such interest be established by a decree in some antecedent suit in order to have it protected in equity. Insurance Co. of North America v. Erickson, 50 Fla. 419, 39 So. 495.

In this connection they say that in the event an excess remains for distribution after the sale of land under foreclosure proceedings based upon a first mortgage lien, the fee simple title of the property at the time of the filing of the bill for foreclosure being vested in the vendor under an executory contract of sale and purchase of such land, such contract having been executed subsequent to the recordation of said first mortgage and a judgment having been recovered against the vendor subsequent to the recordation of the said first mortgage and the recordation of said land contract, such excess should be decreed first to apply to the claim of the vendee under such land contract and not to the judgment creditor. Davidson v. Mac-Donald, 209 N. Y. Supp. 145; In re: Howe, 19 Am. Dec. 395; 42 C. J. 317.

It may be admitted that a judgment creditor purchasing land sold in a foreclosure proceeding brought by the holder of a first mortgage acquires as such judgment creditor no greater equity than he would otherwise have had as a judgment creditor in any excess remaining for distribution after payment of claims under the first mortgage lien. It may also be regarded as settled that a court of equity sitting to distribute an excess brought into the custody of the court, such as proceeds from a foreclosure sale, has full and complete jurisdiction to determine all justiciable rights made necessary to be determined in order to fix the priorities of claimants. Aycock Bros. Lumber Co. v. First Nat. Bank, 45 So. 501, 54 Fla. 604.

In this case the appellants contend that the *equitable claim* of the vendee under an executory land contract of sale and purchase for moneys paid under the contract to the vendor is superior in dignity to the equity of a judg-

ment creditor of the same vendor whose judgment was recovered subsequent to the execution and delivery and recordation of the land contract. It is urged that such effect should have been given to it by the court below in making distribution of the excess brought in after payment of all claims arising from the mortgage foreclosure of the complainant's first mortgage against the same property.

In this case the contract purchasers were made parties defendant in the foreclosure. Under the foreclosure decree they were given full right as equitable owners to redeem the property from the mortgage by paying the amount decreed in the foreclosure proceeding. Notwithstanding this fact, the vendees not only failed to redeem from the mortgage but remained in default under their contract to the extent of at least $36,750.00, with interest thereon. Conceding, therefore, that a valid claim of the vendee under such a sales contract would be superior to the claim of the vendor's judgment creditor against any excess arising from the mortgage foreclosure, do the facts and circumstances as shown by the record in this case substantiate any such claim here as would be superior to the claim asserted by the judgment creditor Ehrehart which is also supported by the claim of the vendor Beacom?

It is beyond contradiction that the purchasers, the Tuttles, were in default under their contract. It is also shown by the record that the vendor Beacom by reason of this default had elected to rescind the contract and had so notified the vendees. Freedom from default by a vendee under a land sales contract is made a determining condition as to the vendee's lien for down payments. As stated by one well known authority: "The lien only arises, of course, when the vendor is in some default for not completing the contract according to its terms, and the vendee is not in default so as to prevent him from recovering the purchase money paid." 3 Pomeroy Eq. Jurisprudence, (4th Edition) page 3050. "A purchaser who abandons a contract, or re-

fuses to perform according to its terms, is not entitled to a lien to secure him from loss of his payments because of his own breach.'' 39 Cyc. 2039.

In this case the vendees in the court below were arrayed not only against the judgment creditor of their vendor, but against their vendor himself who joined in the petition to the court asking that the surplus moneys be applied to the judgments. Being in unjustifiable default as we have pointed out, the Tuttles wholly failed to make such an equitable showing of a vendee's lien in their favor as would entitle them to claim the surplus as against both their vendor and the judgment creditor of their vendor. There is nothing in the case of Insurance Co. of North America v. Erickson, 50 Fla. 419, 39 So. 495, or in Wiltsie on Mortgage Foreclosure (4th Ed.) Vol. 2, par. 1010, which militates against this conclusion.

The decree of the court below was accordingly without error and should be affirmed.

Decree affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.