BARON DE HIRSCH MEYER v. BRICKLAYERS, MASONS & PLASTERERS UNION, LOCAL NUMBER SEVEN.

198 So. 78
En Banc
Opinion Filed October 8, 1940

*Meyer, Davis & Weiss,* for Appellant;

*Roger Edward Davis* and *J. Clyde Epperson,* for Appellee.

BUFORD, J.—This case presents a new question in this jurisdiction but one which presents no great problem for determination.

Certain parties filed suit to foreclose materialman's liens. The suit was against L. E. Dodge and his wife, Eva M. Dodge. There is little in the record to indicate how the title to the property against which liens were sought to be foreclosed was held by the defendants, whether in fee by one or the other of them, or as an estate by the entireties. While neither of the parties to the original suit is a party to this proceeding, it may be that the court below must take some testimony to determine the status of the title to the property involved at the time of the institution of the suit before final disposition of the subject matter of the suit.

The foreclosure suit proceeded to final decree and decree was entered specifically determining the amount due to each of the lien claimants. Foreclosure was decreed and sale ordered. Sale was first attempted on January 1, 1940. The bidder at that sale failed to make good his bid and a resale was ordered for the 5th day of February, 1940.

We gather from the record that it appeared to all parties concerned that when the sale was consummated there would be a surplus in the hands of the court after paying costs and the amount of liens to the several claimants. With this in view, the defendant L. E. Dodge assigned to Baron De Hirsch Meyer, as follows: "All of my right, title and interest in the moneys that shall become due to me in connection with those certain foreclosure proceedings now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, wherein Dade Millwork and Lumber Company, Inc., a Florida corporation, is plaintiff, and L. E. Dodge, *et al.,* are defendants, being Chancery

Cause No. 57616-D; and I hereby authorize the Special Master in Chancery in said cause to turn over and deliver to the said Assignee any and all sums of money which shall become due to me without further instructions;" which assignment was dated February 5, 1940, and was executed under seal and in the presence of two witnesses. It was thereafter, on February 8, acknowledged before a notary public. The record shows that the sale realized enough to pay all involved claims and costs and to leave a surplus in the hands of the court in the sum of $579.58. On the same date, February 5, 1940, but after the sale, L. E. Dodge joined by his wife Eva M. Dodge, conveyed by special warranty deed all the right, title and interest of L. E. Dodge and Eva M. Dodge to Bricklayers, Masons & Plasterers Union, Local No. 7, in and to the real estate, the subject matter of the foreclosure suit.

It was shown in the record by the affidavit of L. E. Dodge that he made the assignment to Baron De Hirsch at about nine o'clock on the morning of the 5th day of February, 1940, and that after the sale was made on that date he and his wife executed the special warranty deed to Bricklayers, Masons & Plasterers Union, Local No. 7. The question here is, which of the claimants is entitled to the surplus in the hands of the court, Baron De Hirsch Meyer or Bracklayers, Masons and Plasterers Union, Local No. 7?

Our conclusion is that when the sale was made by the special master on February 5 that sale closed all equity of redemption in the property then sold as it theretofore existed in L. E. Dodge and his wife Eva M. Dodge, and that at the time they executed the deed to the purchaser at the foreclosure sale that deed was of no force and effect further than an estoppel to thereafter claiming interest in the lands.

In the case of Rosen, et al., v. Dorn-Kothe, Inc., 126 Fla. 717, 171 Sou. 646, we said:

"It appears to be settled beyond all question that one claiming a surplus or the right to share in a surplus resulting from a sale under foreclosure must either own the equity of redemption at the time of the sale or must be one then holding a lien or vested right in the property. In Jones on Mortgages (7th Ed.) No. 1684, the author says:

" 'Surplus money arising from a sale of land under a decree of foreclosure stands in the place of the land itself in respect to liens thereon or vested rights therein.'

"To the same effect is 19 R. C. L. 661, No. 477, and 42 C. J. 317.

"In Tuttle v. Ehrehart, 102 Fla. 1129, 137 Sou. 245, it is held:

" 'A Court of equity sitting to distribute an excess brought into the custody of the court, such as proceeds from a foreclosure sale, has full and complete jurisdiction to determine all justiciable rights made necessary to be determined, in order to fix the priorities of claimants to the excess fund.' "

The record is void of any evidence that there existed prior to the foreclosure sale any legal contract obligating Dodge and wife to execute any conveyance to appellee.

Aside from this, the record shows that the deed from Dodge and wife was without consideration, was made only because appellee insisted that the same was desired by it to make its title acquired by purchase at foreclosure sale better than it would otherwise be, and for the accommodation of the appellees only and without any intent that it should affect rights in the surplus. It also appears from the record that the assignment made to appellant was for a good and valuable consideration, viz., in payment of a pre-existing debt.

Whether or not Baron De Hirsch Meyer is entitled to the surplus depends upon whether or not the assignment from L. E. Dodge was valid.

If, as is contended by the appellee, the real estate, subject of the foreclosure, was held as an estate by the entireties by L. E. Dodge and his wife, Eva M. Dodge, then the proceeds or surplus arising from the sale of that property must be assigned with the same formality as would have been required in a deed of conveyance to the property.

It appears, however, that the contention is not supported by the record and that it was not raised in the court below. On the contrary, the original petition alleges: "That at the time of the Master's Sale aforesaid, the defendant, L. E. Dodge, was the owner and record title holder of all the real property involved in this cause."

The affidavit of L. E. Dodge avers: "That he was the fee simple owner and record title holder of all the real property involved in the above styled cause from a time to the date of the institution of this cause, on, to-wit, the 8th day of May, 1939, continuously until he lost said property by virtue of Master's Sale in this cause."

This does not appear contraverted in the record.

It, therefore, follows that the record shows that the title to the real estate was in L. E. Dodge, and that his wife was made party to the suit merely to foreclose her dower rights. If he was the sole owner of the property he was vested with the legal right to assign or dispose of his right to any surplus which might remain in the hands of the court and this assignment might be effectively made either before or after that sale of the property under foreclosure. Whether the surplus assigned may be subject to inchoate dower right if and when dower accrues is not presented and not determined.

For the reasons stated, the decree is reversed and the cause remanded with directions that further proceedings be had not inconsistent with the views herein expressed.

It is so ordered.

Reversed and remanded.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.