**FEDERAL NATIONAL MORTGAGE ASSOCIATION v. JONES, et al.**
No. 63-C-5796.

Circuit Court, Dade County.
August 13 and October 21, 1963.

Julius I. Friedman, Miami, for plaintiff.

Marshall M. Chern, Miami, for defendants Abraham and Anna Block.

William A. Meadows, Jr., United States Attorney, for defendant United States of America.

ROBERT H. ANDERSON, Circuit Judge.

*Final decree of mortgage foreclosure, August 13, 1963:* This cause coming on to be heard upon the application of the plaintiff, Federal National Mortgage Association, for entry of final decree, upon consideration, it is ordered, adjudged and decreed —

1. That due and legal service has been had upon the several defendants in this cause; that all decrees pro confesso heretofore entered in this cause be and the same are hereby ratified and confirmed; that this court has jurisdiction of the parties to this cause and the subject matter hereof; that the allegations contained in the plaintiff's complaint have been proved by competent

evidence; and that the equities in this cause are with the plaintiff, Federal National Mortgage Association, and against the defendants.

That there is due and owing plaintiff —

A)  As unpaid principal of the indebtedness agreed to be paid in the mortgage herein foreclosed and the note secured................ $4,131.23

B)  Interest on said principal balance through 8/12/63 ................................................ 294.70

C)  Service fee from ............... through ............... none

D)  Prorated earned mortgage insurance premium ................................................ none

E)  Advances by plaintiff for defendants on mortgage and note account

| Date | Description | Amount |
|------|-------------|--------|
| 7/16/62 | Hazard Insurance Premium | $ 20.70 |
| 3/ 1 /63 | 1962 County Taxes | 150.11 |
| 7/ 1 /63 | Hazard Insurance Premium | $ 20.70 |

191.51

F)  Interest on said advances itemized in subsection (E) next preceding through 8/12/63    3.66

G)  Accrued mortgage insurance premiums........... none

H)  Abstracting costs ....................................... 30.00

I)  Clerk's filing fee....................................... 17.50

J)  Sheriff's costs ........................................... 32.95

K)  Publication costs for notice of suit to fore close mortgage ....................................... none

L)  Plaintiff's attorney's fee............................ 350.00

Sub-Total ............................ $5,051.00
Less:
Deposits for taxes, insurance, etc................ 61.49

Total ............................ $4,990.06

3.  A lien is held by the plaintiff, Federal National Mortgage Association, for the total sum specified in the preceding paragraph, superior in dignity to any right, title, interest or claim of

the defendants and each of them, upon the mortgaged property herein foreclosed situate in Dade County, Florida, and described as lot 13, block 317, GERALD ESTATES, a re-subdivision of blocks 314-318 inclusive of Burlington Manor, according to the plat thereof as recorded in plat book 49, at page 72 of the public records of Dade County, Florida, together with all other properties encumbered by the plaintiff's mortgage, except that the tax liens of the United States of America, specified in its answer, are superior to the plaintiff's advance for 1962 county taxes, $150.11, and plaintiff's attorney's fee allowed, $350.

4. If the aforesaid total sum due to the plaintiff, Federal National Mortgage Association, plus interest on the aforesaid unpaid principal, advances and service fee, at the rate prescribed in that note and mortgage from and after the date of this decree and all costs of this proceeding incurred subsequent to the date of this decree are not forthwith paid, the clerk of this court shall sell that property at public sale, within the legal hours of sale, on August 28, 1963, to the highest and best bidder or bidders, for cash, at the south front door of the Dade County Courthouse in the city of Miami, Florida, after having first given notice as required by section 702.02, Florida Statutes.

5. The plaintiff shall pay the cost of publishing the notice of sale and the clerk's fee for making the sale, and shall be reimbursed therefor by the clerk out of the proceeds of the sale if the plaintiff shall not become the purchaser of the property at the sale.

6. The plaintiff may be bidder for the purchase of the property at the sale. If the plaintiff shall be the purchaser at the sale, the clerk shall credit on the bid of the plaintiff the total sum herein found to be due to the plaintiff, or such portion thereof as may be necessary to pay fully the bid of the plaintiff; except that the sums mentioned in paragraph 7(a) of this decree must be paid in cash.

7. After confirmation of that sale, whether confirmation be by the clerk filing the certificate of title, or by order of this court ruling upon objections to that sale, the clerk shall make distribution of the proceeds of that sale by paying —

(a) All costs and expenses of these proceedings subsequent to the entry of this final decree, including the cost of publishing the notice of sale and the clerk's fee for making the sale, the cost of the federal and state documentary stamps affixed to the certificate of title, if any.

(b) The total sum herein found to be due to the plaintiff, plus interest on the unpaid principal, advances and service fee,

specified in paragraph 2 hereof at the rate prescribed in the note and mortgage from the date of this decree to the date of the sale, excepting, however, plaintiff's advance for 1962 county taxes, set forth in subparagraph e of paragraph 2 of this decree, and plaintiff's attorney's fee allowed, set forth in subparagraph l of paragraph 2 of this decree, which excepted items shall be retained by the clerk pending further order of this court.

8. If the total amount realized on the sale exceeds the total of the sums ordered to be paid by paragraph 7 of this decree, the clerk shall disburse the surplus as this court shall hereafter direct; and if the total amount realized shall not be sufficient to pay all of those sums, the clerk shall pay first those specified in paragraph 7(a), and shall pay the balance to the plaintiff.

9. Upon the confirmation of the sale, whether by the clerk filing the certificate of title herein or by order of the court ruling upon objections to the sale, the defendants and any and all persons claiming by, through or under the defendants or either of them, are forever barred and foreclosed of and from all right, title, interest, claim, or demand of any kind or nature, whatsoever in and to the property herein described, and the purchaser at the sale, his representative or assigns, shall be let into possession of that property.

*Order directing disbursement of sale surplus, October 21, 1963:* This court, having heard argument on plaintiff's petition for order directing disbursement of surplus and having considered same, finds and concludes —

### Findings

On August 13, 1963, the court entered a final decree of mortgage foreclosure, wherein and whereby it was decreed that the plaintiff, Federal National Mortgage Association, held a lien superior in dignity to any right, title, interest or claim of the defendants and each of them, for the amount specified in said decree, which specified total included the sum of $150.11 advanced by the plaintiff on March 1, 1963 for the payment of 1962 taxes and plaintiff's attorney's fee for the sum of $350 allowed by the court. However, the court decreed that the tax liens of the defendant, the United States of America, were superior to the plaintiff's advance for 1962 taxes and plaintiff's attorney's fee allowed by the court.

Pursuant to the final decree, the amounts decreed to be due the plaintiff not having been paid, the clerk of the court, on August 28, 1963, sold the mortgaged property and premises, at public sale, for $6,301, cash.

In accordance with the said final decree, the clerk disbursed from the sale proceeds the sum of $4,539.96, which disbursement included the sum of $4,497.16 paid to the plaintiff. The sum disbursed and paid to the plaintiff did not include its attorney's fees allowed by the final decree and the 1962 tax advance.

The clerk of the court retains the sum of $1,761.04 as surplus from the proceeds from the sale. This surplus fund includes the sum of $150.11, being an amount equal to the 1962 taxes advanced by the plaintiff on March 1, 1963, and the sum of $350, being a sum equivalent to the attorney's fee allowed by the final decree of the court to the plaintiff.

The pleadings, evidence and proofs in the action establish the following —

The plaintiff's mortgage was recorded on June 28, 1950, and became an effective lien against the mortgaged property on that date.

The tax liens of the United States of America were recorded on February 5, 1962, and February 28, 1962, respectively, and became effective liens on said dates.

The defendants', Abraham Block and Anna Block, his wife, mortgage lien was recorded on July 14, 1960, and became an effective lien on that date.

### Conclusions

State, county or municipal taxes lawfully imposed on real property create a lien superior to all other liens until paid. See Hillsborough Inv. Co. v. City of Tampa, 149 Fla 7, 5 So.2d 256; Horn v. City of Miami Beach, 142 Fla 178, 194 So. 620.

The amount paid by a mortgagee for taxes, together with the amount due upon the mortgage debt constitute a single and indivisible demand, existing by virtue of the mortgage. See Hillsborough Inv. Co. v. City of Tampa, supra.

As between the plaintiff and the junior mortgagees, Abraham Block and Anna Block, his wife, the sum of the taxes for the year 1962 paid by the plaintiff became a part of the plaintiff's mortgage debt and superior to the mortgage lien of the defendants Abraham Block and Anna Block.

However, in determining priority between the federal tax liens and the other competing liens, including the plaintiff's lien for 1962 taxes paid by plaintiff, federal statutory and decisional law supersede state law and this court is bound to adhere to and

follow the decisions of the United States Supreme Court construing laws enacted by Congress. See Henderson, Sheriff v. State ex rel. Lee, Fla. 1953, 65 So.2d 22; United States of America v. First Federal Savings and Loan Association of St. Petersburg, 155 So.2d 192. The effect of a lien in relation to a provision of federal law for the collection of debts owing the United States is a federal question. See United States v. Security Trust and Savings Bank, 340 U.S. 47, 51, 71 S.Ct. 111.

Whenever a contest for priority exists between a state lien and a federal lien, priority is awarded to that lien which first attached to the property and became choate. A lien is not considered choate until the identity of the lienor, the property subject to the lien and the amount of the lien are established. See United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367.

The tax liens of the United States became choate and effective in February 1962, at which time the amount of the 1962 state and county taxes had not been established and were, therefore, inchoate.

The plaintiff is entitled to recover the principal sum of its mortgage lien and accrued interest thereon before any defendant may share in the sale proceeds, by virtue of state law and 26 U.S.C. (IRS 1954), section 6323 (a).

Under state law, the sum allowed and awarded plaintiff for attorney's fee must be paid prior to defendants' participation in the proceeds of the sale, but under federal law, which supersedes state law, the federal tax liens receive priority as against the attorney's fee allowed and awarded to plaintiff. See United States of America v. Pioneer American Insurance Company, 373 U.S. 83 S.Ct. 1651; United States of America v. First Federal Savings and Loan Association of St. Petersburg, supra.

The surplus resulting from the sale of the mortgaged property and premises stands in the place of the said property, and the order of priorities is not altered thereby. See Meyer v. Brick Layers, Masons and Plasterers' Union, 144 Fla. 401, 198 So. 78; Rosen v. Dorn-Kothe, Inc., 126 Fla. 717, 171 So. 646.

By virtue of federal law, which this court is required to follow, the United States of America obtains first priority in the surplus, to the extent and within the limits of the aggregate sum for 1962 taxes paid by plaintiff and attorney's fee allowed and awarded plaintiff, and priorities are to be determined, thereafter, according to state law, which dictates that plaintiff be fully satisfied for the aggregate sum decreed to it.

*Order*

Wherefore, it is ordered, adjudged and decreed —

The clerk of this court shall pay and distribute the surplus sale proceeds as follows —

*First*, the sum of $500.11 to the United States of America.

*Second*, the sum of $500.11 to the plaintiff, Federal National Mortgage Association.

*Third*, the balance remaining, which is not sufficient to fully satisfy, to the defendants, Abraham Block and Anna Block, his wife.