405 So.2d 1370 (1981)
Paul W. LEVINE and Marcia Levine, His Wife, Appellants,
v.
ARVIDA CORPORATION, a Delaware Corporation, a Delaware Corporation, Jerry D. Anden, Sandra L. Anden, Dan Biele, Aa Insulation of Palm Beach County, Inc., a Florida Corporation, and Stephen Chefan, Appellees.
No. 80-1862.
District Court of Appeal of Florida, Fourth District.
November 25, 1981.
*1371 Paul B. Erickson of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellants.
Louis N. Scholnik of Graham, Hodge & Larson, P.A., Fort Lauderdale, for appellee, Stephen Chefan.
BERANEK, Judge.
This is an appeal in a mortgage foreclosure action. The matter in question is an order dated October 30, 1980, by which the trial court disbursed approximately $114,000 in excess funds resulting from the foreclosure sale. Finding no reversible error, we affirm.[1]
The facts are complex. The appellants are Mr. and Mrs. Levine, and the only appellee making an appearance before this Court is Stephen Chefan, the recipient of the excess funds.
It is alleged that Levine entered into a written but unrecorded agreement with a Mr. Anden whereby Anden was to convey to Levine two lots in Boca Raton and a share in certain profits growing out of a joint business venture. In return, Levine was to convey other real estate, cash, and stock to Anden. As a result of disputes between the parties, Levine sued Anden seeking specific performance of his agreement to convey the real estate. With the complaint Levine also filed a notice of lis pendens based on the unrecorded agreement. This specific performance suit has never been tried, but it is clear that the conveyance of the lots was to be subject to a prior mortgage on the property held by Arvida Corporation.
Anden, the owner of the property, defaulted on the mortgage and approximately a month after the specific performance suit was filed, Arvida filed suit to foreclose. Arvida sued both Anden as the debtor and owner of the property and Levine as having an alleged equitable interest in the property. On August 8, 1980, a final judgment was entered in the foreclosure action, which, including interest and attorneys' fees, was approximately $110,000. On August *1372 22, 1980, Anden conveyed the real estate in question to Mr. Chefan, who was previously a stranger to the transaction. Levine learned of the conveyance to Chefan on August 28, 1980, and five days later, on September 2, 1980, Chefan recorded his warranty deed from Anden. On September 15, 1980, the foreclosure sale occurred with the mortgagee, Arvida, and Levine as bidders. Levine bought the property at the sale for $215,000, and eventually received a certificate of title. After the Arvida judgment was completely satisfied, an excess of approximately $114,000 remained. At this point, Levine's pending specific performance action was obviously moot since Levine himself was now the owner of the property through purchase at the foreclosure sale. Entitlement to the $114,000 became the next matter in controversy.
On October 2, 1980, appellee/Chefan filed a motion to intervene in the foreclosure action as a defendant and a motion for disbursement of all excess funds to him as the record title owner of the property. On the following day, October 3, 1980, Levine filed a motion to transfer which sought transfer of the question of the disbursement of excess funds to the judge who was hearing the specific performance suit. The grounds for the motion to transfer were stated to be "judicial economy." With the consent of all parties, the trial court entered an order allowing Chefan's intervention in the suit as a party defendant. On the same day, the court held a hearing on Chefan's motion for disbursement of all excess funds. Counsel for Levine and Chefan appeared and argued the entire record of both pending suits and the facts as established by certain depositions. We have not been provided with a transcript of the hearing.[2] The order resulting from the hearing does not reflect consideration of Levine's motion to transfer. No order was entered on this motion, but the effect of the disbursement order moots the subject of transfer. The court granted Chefan's motion to disburse funds and authorized the Clerk to turn over all excess monies to Chefan.
On appeal, Levine contends the trial court erred in finding that he did not have a vested interest in the property and in distributing the excess proceeds to Chefan because Chefan was not a bona fide purchaser of the property. Levine further asserts the trial court erred in not granting his motion to transfer.
Levine did not file any pleadings in response to Chefan's motion to disburse nor did he file any pleading asserting his entitlement to the excess proceeds. Without pleadings or transcript it is difficult to determine the issues litigated. The court's order frames the issues apparently presented as whether Levine's lis pendens filed in the specific performance action created a vested interest in the property on behalf of Levine. The court concluded the lis pendens did not create a vested interest because the lis pendens was not founded upon a recorded instrument or mechanic's lien, no prior court order had been entered permitting the filing of a lis pendens, no bond had been posted, and the lis pendens had expired. The court relied upon Kirk v. Baumann, 336 So.2d 125 (Fla.2d DCA 1976); and Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla.3d DCA 1979). We find no error in this ruling.
Levine also contends the trial court erred because Chefan was not a bona fide purchaser. Without a transcript of the hearing, we find it difficult to consider this issue. Furthermore, the order itself makes no finding whether Chefan was a bona fide purchaser. We are not certain that Chefan's knowledge of the controversy between Levine and Anden would affect his entitlement as owner to the excess proceeds but, in any event, we have not been shown that the trial court committed reversible error in this regard if he ruled on the issue at all.
Similarly, regarding the motion to transfer, there is no direct ruling and we *1373 are again unable to determine what occurred before the trial court. The request for a transfer was based upon "the interest of judicial economy," as stated in the motion and appears to have been a matter within the discretion of the trial court. No abuse has been demonstrated in this regard.
Appellant relies upon Rosen v. Dorn-Kothe, 126 Fla. 717, 171 So. 646 (1936), wherein the Supreme Court awarded a contract purchaser an amount equal to the purchaser's down payment out of the excess funds arising from a foreclosure sale. We find no indication that a claim for a down payment was ever specifically presented in the trial court, either by pleading or proof. Absent such an indication, we find no error.
Appellant having failed to demonstrate reversible error, the order below is hereby affirmed.
AFFIRMED.
DOWNEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] An opinion was initially issued on September 16, 1981, which is hereby withdrawn. The present opinion is issued on rehearing.
[2] No objection has been made to this procedure either before the trial court or on appeal. The trial court's consideration of factual representations was apparently at the request of both counsel.