548 So.2d 736 (1989)
GENERAL BANK, F.S.B., F/K/a General Federal Savings and Loan Association of Miami, Appellant,
v.
WESTROOKE POINTE, INC., Appellee.
No. 88-2745.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearing Denied October 3, 1989.
Mershon, Sawyer, Johnston, Dunwoody & Cole and David B. McCrea, Miami, for appellant.
Ritter, Ritter & Feinstein, and John A. Ritter, Miami, for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
General Bank appeals from an order awarding surplus funds to the owner-mortgagor, after a satisfaction of a foreclosed second mortgage, over General Bank's claim to the funds as a third mortgage holder.
The holders of the second mortgage, Lima and Blanco, commenced a foreclosure action against the mortgagor, Westbrooke Pointe, and the third mortgagee, General Bank. After a summary judgment of foreclosure was entered in favor of Lima and Blanco, a judicial sale was held where a subsidiary of General Bank purchased the property for $349,977 subject to an existing first mortgage. The amount due and paid to Lima and Blanco was $323,963.15, leaving a surplus of $26,013.85. An evidentiary hearing was conducted on the motions of Westbrooke and General Bank both asserting claims to the surplus. At the hearing, General Bank presented evidence showing the existence of its debt in an amount exceeding $480,000, the encumbrance of the property by the lien of its third mortgage as security for the debt, and that the debt was in default. Westbrooke offered no evidence to refute the bank's claim. The court ordered the surplus to be disbursed to Westbrooke. We reverse.
It has long been the law in Florida that any surplus remaining after a foreclosure sale should be paid to the junior lienholders in accordance with the priority of their liens on the property and that only after the liens have been satisfied may any surplus be disbursed to the owner of the equity of redemption. Waybright v. Turner, 129 Fla. 310, 176 So. 424 (1937); Meyer v. Bricklayers, Masons & Plasterers Union, 144 Fla. 401, 198 So. 78 (1940); Sens v. Slavia, Inc., 304 So.2d 438 (Fla. 1974). Westbrooke argues that the special equities exception to the general rule applies in this case and precludes the award of the surplus to General Bank. We disagree.
The equitable exception was articulated by the Supreme Court of Florida in Tucker v. Crown Corp., 136 Fla. 517, 527, 183 So. 740, 745 (1938):

*737 In determining who is entitled to surplus proceeds arising in a foreclosure sale, it is the general rule that all incumbrances on mortgaged premises inferior to the mortgage on which sale is based, must be paid in order of time in which they respectively become liens, except as some equitable right demands a different order of payment.
See also Waybright v. Turner, 129 Fla. 310, 176 So. 424 (1937). In plain language Tucker holds that the equitable exception applies to competing "encumbrances." Westbrooke, as the mortgagor, clearly is not a lienholder; its equity interest does not "encumber" the property.
Because the equitable exception raised by Westbrooke is not applicable in a dispute between a junior lienholder and the mortgagor, under the general rule regarding priorities to a surplus, General Bank, as third mortgagee, is entitled to priority over the mortgagor to the surplus funds. The award of surplus to the third mortgagee is to be credited against all other amounts owed on the mortgage.[1]
Reversed and remanded for further consistent proceedings.
NOTES
[1] We do not decide whether the third lienholder profited in this action on a resale of the property, or the amount of the balance owed on the third mortgage at the time of foreclosure on the second mortgage. Those issues of fact, the resolution of which are not essential to the disposition of this case, are to be decided in the pending foreclosure action on the third mortgage.