POLEN, Judge.
Appellant brings this non-final appeal from the trial court’s order disbursing surplus funds on deposit with the court in connection with the foreclosure sale of a *1150 condominium unit at the Juno Ocean Club. Appellant, Milan Jelic, was the defendant in the mortgage-foreclosure action, while ap-pellees, Ray and Georgia Pearson, were the successful bidders. Following the foreclosure sale, a certificate of disbursements filed by the Clerk of the Circuit Court reflected a balance of $2,806.68. The Pear-sons filed a motion for disbursement of this surplus, asserting entitlement to the surplus as repayment for expenses incurred in making the condominium unit liveable, payment of a quarterly maintenance fee due to the Juno Ocean Club Condominium Association, and/or payment of rents alleged to have been collected by the appellant from tenants occupying the foreclosed property after the foreclosure sale and prior to the Pearson’s occupancy of the property.
We reverse the trial court’s order disbursing proceeds to the Condominium Association and the Pearsons. In Rosen v. Dorn-Korthe, Inc., 126 Fla. 717, 171 So. 646 (Fla. 1936), the court stated:
It appears to be settled beyond all question that one claiming a surplus or the right to share in a surplus resulting from a sale under foreclosure must either own the equity of redemption at the time of the sale or must be one then holding a lien or vested right in the property. In Jones on Mortgages (7th Ed.) § 1684, the author says:
‘Surplus money arising from a sale of land under a decree of foreclosure stands in the place of the land itself in respect to liens thereon or vested rights therein.’
Rosen, 171 So. at 648.
At the time of the foreclosure sale the Pearsons did not own the equity of redemption or hold a lien or vested right in the property. Therefore, pursuant to Ro-sen, the Pearsons were not entitled to share in the surplus resulting from the sale. Nor were the Pearsons entitled to payment or reimbursement from these surplus funds of a maintenance fee apparently owing to the Juno Ocean Club Condominium Association. See Miller v. Stavros, 174 So.2d 48 (Fla.3d DCA 1965) (purchaser at foreclosure sale not entitled to reimbursement out of surplus funds to which the mortgagor or his trustee in bankruptcy were entitled).
We reverse with instructions that appel-lees deposit the improperly disbursed funds ($2,806.68) into the registry of the court.
REVERSED.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.