THREADGILL, Acting Chief Judge.
William Robert Sullivan, defendant in a foreclosure action, appeals from an order rescinding a previous order that distributed excess foreclosure sale proceeds to him. The order being appealed was entered upon an emergency motion to vacate the order filed by intervenor, South Seas West Condominium Apartments of Marco, Inc. South Seas claimed an interest in the excess proceeds for past due condominium assessments. Because South Seas’ motion was untimely, we reverse.
Mr. Sullivan owned a unit at South Seas Condominium Apartments. The unit was encumbered by a second mortgage to Malden Trust. On January 14, 1991, Malden Trust instituted an action to foreclose its mortgage and recorded a notice of lis pendens. The unit was sold at a foreclosure sale on February 5,1992 and excess proceeds from the sale were placed in the registry of the court. Mr. Sullivan filed a motion to have the excess proceeds distributed to him.
A hearing was held on July 30,1992 on the motion to distribute funds. Although South seas was not a party in the foreclosure action and had not yet intervened, South Seas, on the date of the hearing, filed a reply to Mr. Sullivan’s motion and asked the court to distribute the excess funds to South Seas. At the conclusion of the hearing, the trial court took the motions to distribute under advisement.
On September 23, 1992, South Seas filed a formal motion to intervene in the foreclosure action. On November 6, 1992, the trial court entered an order distributing the excess proceeds to Mr. Sullivan. On December 7,1992, the trial court granted South Seas’ formal motion to intervene. On December 14,1992, South Seas filed an emergency motion to vacate the distribution of funds on the grounds that South Seas had not been notified that Mr. Sullivan had submitted to the court an order granting his motion to distribute funds and that Mr. Sullivan was not entitled to the funds as a matter of law. The trial court granted the motion to vacate on January 4, 1993, stating that the order had been entered in error.
The motion to vacate filed by South Seas did not allege those grounds for relief provided by Florida Rule of Civil Procedure 1.540. Therefore, the only means remaining for challenging the order were a motion for re *224 hearing under Florida Rule of Civil Procedure 1.530 or an appeal.
A motion for rehearing must be served no later than ten days after the filing of the judgment. Fla.R.Civ.P. 1.530(b). A notice of appeal must be filed with the clerk of the lower tribunal within thirty days of rendition of the order to be reviewed. Fla.R.App.P. 9.110(b). In this case, South Seas’ motion was neither a motion for rehearing nor a notice of appeal. In any event, the motion was filed thirty-eight days after the order distributing funds was entered. Therefore, the trial court was without jurisdiction to consider it. See Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986).
Accordingly, we reverse the order granting the motion to vacate and remand for reinstatement of the order distributing the excess funds to Mr. Sullivan.
Reversed; remanded.
PATTERSON and ALTENBERND, JJ., concur.