PER CURIAM.

ON MOTION TO DISMISS

Appellees have moved to dismiss this appeal because of lack of jurisdiction. It is their position that the notice of appeal was untimely filed. The issue turns on whether the motion for new trial was timely served. Appellants admit that on the face of the documents it appears that the notice was filed on the 11th day. They assert, however, that there are three reasons why their notice for new trial was, in fact, timely filed.
First, they contend that since Appel-lees moved to strike their motion as being untimely but the court instead denied it on the merits, a valid order exists which tolled the time. We disagree. Rule 9.020(g), Fla. R.App. P. states that it is the filing of an authorized and timely motion for new trial which stays the rendition of the order being appealed, not the entry of an order denying a motion for new trial. In fact, the trial court lacks jurisdiction to rule on an untimely motion for new trial. See, e.g. Sullivan v. Malden Trust Co., 632 So.2d 223 (Fla. 2d DCA 1994).
Second, they assert that even though the verdict indicates that it was rendered on March 22, since the record reflects that the court did not finish polling the jury until 12:00 a.m. on March 23, the verdict could not have been rendered before the 23rd. While there is law to support appellants’ position that the verdict is not rendered until the last juror is polled and has assented to the verdict on the record, this record simply does not support appellants’ facts. The transcript indicates that the jury entered the courtroom at 11:50 p.m. on March 22 and announced that a verdict had been reached. The jury, after the verdict was read by the clerk, was polled. The judge then thanked the jury and released it. The transcript reflects that after all these things were accomplished, the proceedings were concluded at midnight on the 23rd. Since the verdict had been received by the clerk and assented to by the jury in open court prior to the court thanking the jury and releasing it at midnight, the record supports the filing date appearing on the verdict which was the 22nd.
*472 Finally, Appellants argue that since the verdict was unquestionably rendered after normal working hours at the courthouse, the following day should be considered the real rendition date. There is simply no support for this position in the rules. The Uniform Statute and Rule Construction Act § 7, 14 U.L.A. 57 (1995), states that a day begins immediately after midnight and ends at the next midnight. Even though this act has not yet been adopted by Florida, we find it to be persuasive.
Therefore, since the motion for new trial was untimely filed and thus did not toll the time for filing the notice of appeal, we do the only thing for which we have jurisdiction. We dismiss the appeal.
DISMISS.
COBB, W. SHARP and HARRIS, JJ., concur.