DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**G & G 1016 LLC,**
Appellant,

v.

**HERON BAY COMMUNITY ASSOCIATION, INC.** and
**1722 INVESTMENT INC,**
Appellees.

No. 4D22-36

[April 5, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18010490.

Jason Bravo of The Bravo Law Firm, PLLC, Coral Gables, and Paul Alexander Bravo of P.A. Bravo, P.A., Miami, for appellant.

No brief filed for appellee Heron Bay Community Association, Inc.

Yamila Lorenzo and Ryan M. Clancy of Ainsworth + Clancy, PLLC, Miami, for appellee 1722 Investment Inc.

***ON MOTIONS FOR WRITTEN OPINION AND REHEARING EN BANC***

PER CURIAM.

We deny the motions for written opinion and rehearing en banc.

DAMOORGIAN and KUNTZ, JJ., concur.
GROSS, J., concurs specially with opinion.

GROSS, J., concurring specially.

I concur in the denial of the motions and write to explain my reasoning.

A homeowner's association filed a lien foreclosure suit against the record owner, G & G 1016 LLC, for failure to pay association dues. G & G

filed no responsive pleading.  On July 19, 2018, the trial court entered a summary final judgment of foreclosure.

After some delay due to bankruptcy proceedings, the property was auctioned.  Appellee, 1722 Investment, Inc., made the winning bid for $82,129.00.  This amount was more than the association's final judgment amount, so surplus funds remained in the court registry.  A certificate of sale was issued on February 13, 2019, to 1722 Investment as the successful third-party bidder.

On March 20, 2019, the Clerk issued a Certificate of Disbursements, which reported that $7,881.92 had been distributed, leaving $77,190.08 in the clerk's disbursement account.  The Certificate advised: "If you are a person claiming a right to funds remaining after the sale, you must file a claim with the clerk no later than 60 days after the sale.  If you fail to file a claim, you will not be entitled to any remaining funds.  After 60 days, only the owner of record as of date of the Lis Pendens may claim the surplus."

On March 28, 2019, the association sought some of the surplus proceeds to cover attorney's fees it had incurred in the foreclosure.

On April 8, 2019, 1722 Investment moved for distribution of the remaining sale proceeds after payment to the association, disclosing its status as the winning bidder at the foreclosure sale.  Apparently, 1722 Investment had mistakenly bid too much at the sale because it was unaware of a preexisting mortgage on the property.  G & G was provided notice of the motion.

In April 2019, a Certificate of Title was issued to 1722 Investment and the court issued a writ of possession in its favor.  The court also entered an order disbursing $1,800 to the association.

On April 18, 2019, Judge Lopane granted 1722 Investment's motion for distribution of surplus funds, ordering the distribution of the "net surplus funds" remaining in the court registry after payment to the association and Clerk's fees.  G & G was included in the order's service list.

G & G did not file an appeal of the court's April 18 distribution order.

On November 12, 2019, G & G filed an "Amended Motion to Request to Disburse Surplus Funds."[1] In the motion, G & G stated that 1722 Investment purchased the property at auction, but was neither a lienholder nor the record owner of the property when the suit was filed. The motion argued that the court had no legal basis to distribute the surplus funds to 1722 Investment.

1722 Investment denied making any false statements to the court, noting that the motion "transparently state[d] 1722 was a third-party purchaser." Additionally, the motion "merely recite[d] Florida Statute § 45.031."

Judge Lopane denied the Amended Motion. He characterized it as a motion under Florida Rule of Civil Procedure 1.540(b) for which there was no support. In a motion for clarification, G & G also argued that the court's April 18 order was void. Judge Lopane denied the motion for clarification.

G & G correctly argues that because 1722 Investment was a third-party purchaser, the court erred in disbursing the funds to it. *See Pineda v. Wells Fargo Bank*, 143 So. 3d 1008 (Fla. 3d DCA 2014).

Sections 45.032 and 45.033, Florida Statutes (2021), govern the disbursement of surplus funds after a judicial sale. Neither section "provide[s] a mechanism authorizing a third-party purchaser to obtain the surplus or its benefits." *Rodriguez v. Fed. Nat'l Mortg. Ass'n*, 220 So. 3d 577, 578 (Fla. 5th DCA 2017); *see also Jelic v. Sears Mortg. Corp.*, 614 So. 2d 1149, 1150 (Fla. 4th DCA 1993) (reversing where court incorrectly disbursed surplus funds to third-party purchaser).

However, because G & G did not timely appeal the April 18 distribution order, it was required to bring its challenge under Rule 1.540(b). *See Garcia v. Stewart*, 906 So. 2d 1117, 1121–22 (Fla. 4th DCA 2005); *Sullivan v. Malden Tr. Co.*, 632 So. 2d 223, 223–24 (Fla. 2d DCA 1994) (holding that once the time limitations for rehearing and notice of appeal have run, a party seeking to set aside a judgment can proceed only under rule 1.540). As we wrote in *Garcia,*

> Rule 1.540 provides relief from judgments only "under a limited set of circumstances." *See Abram v. Wolicki*, 864 So. 2d 18, 20 (Fla. 4th DCA 2003) (citation omitted). A

---

[1] A June 26, 2019, handwritten motion filed by a tenant was a nullity as it applied to G & G because there is no indication that the tenant was a lawyer authorized to represent G & G.

substantive legal error is not one of the "limited circumstances" that can sustain a request for relief from judgment under rule 1.540.

906 So. 2d at 1122.

On appeal, G & G argues that Judge Lopane made a substantive legal error when his order distributed the surplus funds to 1722 Investment. But "judicial error such as a 'mistaken view of the law' is not one of the circumstances contemplated by [rule 1.540(b)]." *Curbelo v. Ullman*, 571 So. 2d 443, 445 (Fla. 1990) (quoting *Fiber Crete Homes, Inc. v. Div. of Admin., State, Dep't of Transp.*, 315 So. 2d 492, 493 (Fla. 4th DCA 1975)).

I also would note that the trial court had jurisdiction to disburse the funds post judgment, so the order was not void within the meaning of Rule 1.540(b)(4). Erroneous legal rulings do not deprive a court of the jurisdiction to make them.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

4