346 So.2d 627 (1977)
Angel DOMINGUEZ, Appellant,
v.
Jack LOPEZ et al., Appellees.
No. 77-236.
District Court of Appeal of Florida, Third District.
May 31, 1977.
Shalle Stephen Fine, Miami, for appellant.
Maurice M. Diliberto, Miami, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Angel Dominguez appeals an order discharging lis pendens in an action seeking dissolution of a partnership and an accounting.
Angel Dominguez filed a complaint for an accounting and dissolution of his partnership with Jack Lopez, appellee herein. Dominguez alleged that the partnership was formed for the purpose of purchasing and developing certain parcels of real estate and that he contributed substantial sums of money to the partnership. The gravamen of the complaint is that Lopez who formed the corporate defendants Happy Realty, Inc. and Sagitario Construction, Inc. diverted partnership funds into these corporations without according Dominguez his equitable right to 50% ownership therein and, further, acquired and developed certain described parcels of property in his own name or the names of these corporations with partnership funds thereby defrauding Dominguez. Dominguez filed a notice of lis pendens on the described real estate and Lopez filed a motion to discharge the lis pendens. This motion was heard without the benefit of argument of Dominguez's counsel who did not appear.[1] The trial court then entered an order discharging lis pendens on the ground that Dominguez's initial pleading does not show that the action is founded on a duly recorded instrument or mechanic's lien as required by Florida law. Dominguez's counsel filed a petition for rehearing. After hearing on the petition, the trial court denied the petition and left standing the order discharging lis pendens. We reverse.
Where, as here, the initial pleading does not show the action is based on a duly recorded instrument or mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant or dissolve injunctions. Section 48.23(3), Florida Statutes (1975).[2]
With respect to injunctions, Fla.R.Civ.P. 1.610 provides in pertinent part:

*628 "(c) Motion to Dissolve. Any party against whom an injunction has been granted may move to dissolve it at any time.
"(d) Evidence. Either party may present evidence at any hearing on an application for or motion to dissolve an injunction. On hearing the court may grant, dissolve or continue the injunction or may require bond."
Dominguez was not given the opportunity to present evidence in opposition to the motion to dissolve the notice of lis pendens. Accordingly, the order discharging notice of lis pendens is reversed and the cause remanded to the trial court with directions to grant Dominguez the opportunity to present any evidence which he deems necessary in opposition to the motion to discharge notice of lis pendens.
Reversed and remanded.
NOTES
[1] He alleged he did not receive the notice of hearing.
[2] "(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."