400 So.2d 1324 (1981)
Peter W. ATKINSON and Leonard D. Alex, Appellants,
v.
Nancy FUNDARO, et al., Appellees.
No. 80-2196.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
*1325 Neil F. Garfield of Garfield, Meisler & Blatt, P.A., Lauderhill, for appellants.
Robert A. Ware of English, McCaughan & O'Bryan, Fort Lauderdale, for appellees.
OWEN, WILLIAM C., Jr., Associate Judge.
Appellants suffered adverse judgment in an action for slander of title. We reverse for a new trial on the issue of damages.
Appellees were the developer of a condominium. Appellants, alleging that they held contracts to purchase from appellees *1326 units 101, 201, 202 and 203, sued appellees for specific performance and damages. Several months later appellants filed a notice of lis pendens on units 301 and 310 although such units were not involved in the litigation. Appellees filed a counter-claim which, after amendment, sought damages for slander of title as to units 301 and 310. Appellees also filed a motion to discharge the notice of lis pendens as to units 301 and 310, and a motion for summary judgment on appellants' claim for specific performance. The court granted both of these motions, but left pending appellants' claim for damages. At trial appellants took a voluntary dismissal of their damage claim. This left for trial only the issues made by the appellees' amended counter-claim for slander of title.
Appellees' evidence at trial relating to their damages was that (a) appellees sold units 301 and 310 without difficulty for a higher price than the original listing, (b) due to the notice of lis pendens appellees encountered difficulty in obtaining institutional financing on several units (other than 301 and 310) necessitating appellees financing the sale of those units by taking purchase money mortgages at an interest rate less than that which appellees could have obtained by investment had they received the total sales price in cash, and (c) appellees had incurred attorneys' fees of approximately $9,500 for the entire litigation. On this evidence the court awarded appellees a judgment for $7,900.
Slander of title is the wrongful, intentional and malicious disparagement of vendibility of title to real property. Old Plantation Corp. v. Maule Industries, 68 So.2d 180 (Fla. 1953). The evidence adequately supports the trial court's judgment finding appellants guilty of slander of title to units 301 and 310. Furthermore, the filing of the lis pendens was not privileged since it was neither a proper notice of lis pendens nor did it involve the property in litigation. Cf., Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981).
The evidence establishes that appellees sustained no damages for the slander of title to units 301 and 310 except for attorneys' fees reasonably and necessarily incurred by them as expense to remove the cloud cast upon the title to these units. Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973). The legal services required to have the notice of lis pendens discharged apparently consisted of a motion to discharge notice of lis pendens and a hearing on that motion, including obtaining the entry of an order granting the motion. These legal services appear to have been a relatively small portion of the total legal services for which appellees incurred expense of approximately $9,500. There was no evidence from which the court could reasonably evaluate the expense of the legal services necessary to remove the cloud from the title of units 301 and 310, and hence no basis for the award of $7,900.
The judgment is reversed and this cause remanded for a new trial on appellees' damages limited to the attorneys' fees reasonably and necessarily incurred by them in removing the cloud cast upon their title to units 301 and 310, with judgment to be entered for appellees in such amount.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.