NESBITT, Judge.
The individual co-trustees have perfected this interlocutory appeal to review an order granting immediate right of possession of an automobile to the beneficiary of a trust. We have jurisdiction. Fla.R.App.Pro. 9.130(a)(3)(C)(ii).
Ralph G. Boalt, Sr. and his wife, Hilma 0. Boalt, executed an inter vivos trust on March 20, 1975, under which they were the initial beneficiaries. Under the provisions of the trust, when Mr. Boalt died, it was divided into two equal parts comprising: (a) a marital trust for Mrs. Boalt; and (b) a children’s trust for their natural children, Ralph, Jr. and Margaret. Under the express trust, the children were co-trustees but Ralph, Jr. was the managing trustee. When the trust was established, it was funded with $847,000 of registered securities. The dominant purpose of the trust was to establish support for the elder Boalts and, upon the death of the survivor, a distribution to the children. Under the express terms of the marital trust, which vested upon Mr. Boalt’s death, Mrs. Boalt specifically retained a power of appointment over the marital trust.
During the administration of the trust, the life income beneficiary of the marital trust, Mrs. Boalt, Sr., now known as Mrs. Hanson, and the individual co-trustees became embroiled in trust proceedings instituted pursuant to Part II, Chapter 737, Florida Statutes (1979). In the course of those proceedings, the trial court appointed a bank as an additional co-trustee and ordered that all assets of the trust be titled in the bank’s name as trustee. One of the assets was a Mercedes automobile. This vehicle was undeniably purchased in Ralph, Jr.’s name, individually — from the corpus of the marital trust — but use and possession was given over to Mrs. Hanson. The bank did not want to take title to the vehicle because it was considered to be ah improper trust asset. Consequently, it suggested to the individual co-trustees that the vehicle be sold and the proceeds be delivered over to it. As a result, the individual co-trustees took the vehicle from Mrs. Hanson’s possession without notice. She promptly filed a “Motion to Compel Return of Automobile” and requested an emergency hearing.
That motion alleged the foregoing facts and further alleged that, by reason of the purchase of the vehicle from funds from the corpus of the marital trust, it had proportionately diminished Mrs. Hanson’s annual distribution of earnings from the marital trust. At the emergency hearing, the co-trustees’ counsel stipulated as to the use of an accountant’s deposition generally substantiating the purchase of the vehicle by Ralph, Jr. utilizing funds from the corpus of the marital trust. At the conclusion of the *882 hearing, the court ordered that immediate possession of the vehicle be delivered to the beneficiary — based solely on the determination that the beneficiary was entitled to legal title to the vehicle. The order requiring the immediate delivery of the vehicle to Mrs. Hanson also required the co-trustee to transfer legal title to her.
In an attempt to support the trial court’s order, the life income beneficiary contends that transfer of title was warranted either under a resulting or constructive trust theory. The problem with application of either theory is that the vehicle is already subject to an express trust. Ordinarily, a resulting trust will not arise when there is a valid trust in existence. 89 C.J.S. Trusts § 102 (1955). Nonetheless, it is clear that where a trustee purchases property in his individual name, which it is his duty to purchase on behalf of the trust, the beneficiary can charge him as a constructive trustee of the property so purchased and compel him to hold the property subject to the trust; or if he has sold it at a profit, to account for the profit. See Restatement (Second) of Trusts § 206, comment i.
The life income beneficiary also argues that the purchase of the vehicle constituted breach of the trustee’s fiduciary duty in that invasion of the corpus of the marital trust to purchase the vehicle diminished the corpus and thereby diminished the earnings for annual distribution accruing to the life income beneficiary under the marital trust.
The remedy for alleged breach of the fiduciary duty to the beneficiary is to hold the trustee personally liable pursuant to Section 737.306, Florida Statutes (1979) rather than reward the beneficiary with legal title to the vehicle and thus strip the marital trust of an asset contrary to the manifested intention of the grantors. After accounting for the vehicle, if it is ultimately determined that the purchase of the car constituted a breach of a fiduciary duty, Ralph, Jr. may nonetheless be liable for any remaining permanent diminution to the corpus of the marital trust, as well as loss of income not generated and available for distribution.
Because the sole basis for the order requiring immediate, delivery of possession of the vehicle to the life income beneficiary was the trial court’s erroneous determination that the beneficiary was entitled to legal title, it is reversed with directions that legal title to the vehicle be transferred to a proper trustee of the trust. On remand, the trial court will once again be empowered to determine whether the trustee should be required to provide the life income beneficiary with a personal automobile and to make such other orders as are consistent with the trust instrument and circumstances of the case.
Reversed and remanded with directions.