PER CURIAM.
The appeal and cross appeal in this case are from a judgment for plaintiff in an action for fraud, forgery, and slander of title, entered on a jury verdict including punitive damages of $200,000.
A complaint was filed on behalf of Mrs. Powell in July 1975, and a jury trial was held on a second amended complaint in July 1980. The complaint alleged violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Florida Home Improvement Sales and Finance Act, § 520.60 et seq., Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq., Florida Statutes, and § 559.72, Florida Statutes, dealing with consumer collection practices. The complaint also contained counts’ alleging fraud, libel and slander, and slander of title.
The salesmen who negotiated the sale of aluminum siding to Mrs. Powell were “independent contractors” of Sterling Construction Company, who came to Tallahassee to work for Sterling and used form contracts provided by Sterling. The trial court found, as a matter of law, that they were agents of Sterling. Sterling, along with three similar corporations, was owned by George and Maureen Pappas. George was employed by Sterling as president. He provided forms to the salesmen, reviewed the paperwork, completed the blank contract and sold the note and mortgage to Local Mortgage Company of Georgia. Maureen notarized the forged signature of Mrs. Powell on the note and mortgage. Local had a regular business of buying “home modernization mortgages,” including as many as 1,000 from Pappas through his corporations. The jury was allowed to, and did, find that Pappas or his corporation was an agent of Local. Local, now renamed Fidelcor Mortgage Company of Georgia, is owned by Fi-delcor, Inc., a Pennsylvania bank holding company with considerable assets, through its subsidiary Fidelcor Mortgage Company.
The charge conference does not appear to have been recorded. However, prior to closing arguments the court asked for objections or motions and the attorney for the Pappases and Sterling Construction Company (hereafter “Pappas”) moved for directed verdict on each of the eight counts in the complaint. As each motion was denied, the attorney objected to all jury instructions on that count. After defendant Pappas’ motions were denied and the objections to jury instructions overruled, the attorney for Local made a general motion for a directed verdict as to each count. He also moved that the court advise the jury that the court would determine whether the mortgage was valid or not, although he objected to the court assessing damages on the slander of title count. When the jury was actually charged, neither defendant objected to the instructions.. A verdict was returned finding plaintiff entitled to actual damages for violation of the Federal Truth in Lending Act, for fraud, and in a nominal amount for slander of title. In addition, the verdict assessed punitive damages against all of the defendants, although these damages were not apportioned to the counts. The verdict therefore contains special findings of liability as to each count, but a general award of punitive damages.
On appeal, one brief was filed by Local Mortgage Company and one by Pappas. Numerous points are raised by appellants. We find that the only issue requiring discussion involves the slander of title count.
*313 When Pappas’ attorney moved for a directed verdict on the slander of title count, he argued that no evidence of damage had been put to the jury and that damage is a necessary element of an action for slander of title. When the motion was denied an objection was made “to all instructions to the jury with regard to slander of title that would link my defendants to [the slander of title count].” (e.s.) The jury charge with regard to that count was as follows:
You are further instructed that the public recording of a fraudulent mortgage has an effect known at law as slander of title. If you find that the mortgage was fraudulent and that Defendant Local Mortgage Company had it recorded in the public records of Leon County, Florida, and that the Plaintiff suffered damage as a result thereof, you are instructed that the Defendant, Local Mortgage Company, is liable to the Plaintiff, Susie Powell, for having slandered the title to her property. If you find further that the Defendant, George M. Pappas, acted as an agent for Local Mortgage Company in obtaining a mortgage, and that he knew the mortgage to be fraudulent, then you are instructed that the knowledge of George Pappas that the mortgage was fraudulent can be imputed to Local Mortgage Company.

• • • PJf y°u find that the title of the Plaintiff to real property was slandered by any of the Defendants, you can only assess nominal damages; that is, $1 or a like amount for that offense, (emphasis supplied.)
The jury found the plaintiff entitled to $1 in damages because of slander of title.
After the trial, a hearing was held on the issue of actual damages by way of attorney fees resulting from the slander of title count. Defendant Local objected to the procedure, maintaining that the issue should have been decided by the jury, and plaintiff’s counsel alluded to an agreement between the parties that the judge would decide the question. That alleged agreement was denied by defendants and is wholly unsupported by the record here.
On appeal, only Local argues that it was error for the judge to decide the amount of damage and that it was prejudiced thereby. Essentially, the argument is the same as that made by defendant Pappas in his motion for directed verdict below; i.e., proof of damage is an element of slander of title, no damage was proven to the jury, and therefore a verdict on that count would be improper. As noted above, Local’s motion for directed verdict was not specific as to this count, and we conclude that the motion by Pappas, who does not assert the error here, plainly did not cure Local’s failure to preserve this point for appellate review by specifying to the trial court the grounds for the motion as to that count. Rule 1.480(a), Fla.R.Civ.P. It is of course impossible to say to what extent a specifically stated motion by Local might have enabled the court to avoid the error in this respect. The trial judge expressly recognized his error at the hearing on post-trial motions:
THE COURT: All right. Well, I thoroughly agree with Mr. Kitchen that probably this fee was a factual matter which should have gone to the jury, as far as the slander of title is concerned. But I’m not going to get that jury back. They’ve gone. So I’m going to have — That’s just an error that — If it is an error, we’ll just have to live with it as far as that case is concerned.
We decline, accordingly, to reverse on that ground.
This brings us to the final point, which is the propriety of the amount awarded. We find that, although the finding that plaintiff did suffer damages by incurring fees is supported, the award of $37,550.00 is clearly excessive and indicates a misapprehension of both the evidence and the grounds on which such damages may be awarded. Distinctions exist between an award of attorney’s fees based on a contractual or statutory right and an award of such fees as special damage in an action to remove a cloud wrongfully cast upon a plaintiff’s title. In the first situation all expenses incurred in preparing or defending the case may be awardable. But where the only damage incurred is the cost of attorney’s fees, the damages are limited to the *314 amount reasonably expended for the purpose of removing the cloud.[1]
In this case the cloud on the plaintiff’s title was, of course, the fraudulently obtained mortgage against her property. That cloud was cleared by the portion of the final judgment ordering the mortgage discharged. The question to be determined, then, was the reasonable value of services necessary to bring about the discharge.
The record before us would indicate that the amount of damages awarded was based on the services required for prosecuting the case as a whole. In fact, the expert who provided the figure which was awarded testified that he based his opinion on all the hours the attorney spent on the case.[2] Appellee maintains that it was proper to base the award on all the hours spent on the case because the facts upon which the slander of title count was based are the same facts that the other counts were based on and it is impractical, if not impossible, to attempt to separate them. This argument might have validity if directed to a statutory or contractual fee. Services in proving such collateral matters as agency would be pertinent. As previously noted, however, we are not here reviewing a fee awardable on the basis of a statutory or contractual right. We are instead concerned with an element of damages which must be based on services rendered to remove the cloud cast upon a title which formed the basis of the claim for slander of title[3] We conclude accordingly that the award of $37,550.00 is not substantiated by the evidence before the trial court.
In view of counsel’s conceded inability to distinguish between services rendered on the slander count and those serving other purposes, there appears to be little purpose to be served by remand for application of the proper measure by the trial court in reassessment of damages incurred by way of counsel fees. In the unique circumstances of this case, including the amount of the mortgage constituting the cloud and the manner in which the dissolution of the mortgage came about, we find that the services rendered for the purpose of removing the cloud could not reasonably have exceeded $5,000.00, and conclude that we would not sustain a judgment for a greater amount based on the record before us.[4]
In sum, we hold that the error in instructing the jury to return nominal damages on the slander of title count (and assessment of actual damage by the court) was not preserved by the general motion for directed verdict on the slander count. The award of a fee in excess of that substantiated by the record does require reversal and a new hearing before the court on that issue unless appellee accepts a remitti-tur of $32,550.00 from the award for such damages. The judgment is otherwise affirmed and the cause remanded for further proceedings consistent herewith.
WENTWORTH, J., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge, concur.
MILLS, J., concurs in part & dissents in part with opinion.

. Atkinson v. Fundaro, 400 So.2d 1324 (Fla. 4th DCA 1981).

. The witness multiplied all the hours spent by the attorney, his law clerk, and an associate by a standard hourly rate reasonably charged for the services of each.

. Atkinson v. Fundaro, supra.

. Great American Insurance Co. v. Suarez, 107 Fla. 705, 146 So. 644 (1933).