426 So.2d 49 (1982)
RIDGEWOOD UTILITIES CORPORATION, Appellant/Cross-Appellee,
v.
R.L. KING, Appellee/Cross-Appellant.
Nos. 82-572, 82-840.
District Court of Appeal of Florida, Second District.
December 15, 1982.
Rehearing Denied January 28, 1983.
*50 Granville H. Crabtree, Jr. and Michael M. Ingram of Crabtree, Dumbaugh, Sanchez, Parker & Ingram, Sarasota, for appellant/cross-appellee.
M. Joseph Lieb, Jr. and Jim Syprett of Syprett, Meshad, Resnick & Lieb, Sarasota, for appellee/cross-appellant.
BOARDMAN, Acting Chief Judge.
Defendant Ridgewood Utilities Corporation appeals a final judgment ordering it to specifically perform a contract for sale of land to plaintiff/appellee R.L. King, including furnishing a quit claim deed without reservation from a third party, and appellee cross-appeals, inter alia, the portion of the final judgment awarding costs and fees to appellant for slander of title. We affirm on the appeal, but reverse in part on the cross-appeal.
Appellant's counterclaim for slander of title was predicated on appellee's recording of an unacknowledged copy of the contract after the originally scheduled closing did not take place. Because Section 696.01, Florida Statutes (1981), requires that such a contract be acknowledged by the vendor, the contract was not entitled to be recorded. However, recovery in an action for slander of title requires proof that a false and malicious statement was made in disparagement of the plaintiff's title to the property in question and caused him/her/it damage. Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla. 1953); Atkinson v. Fundaro, 400 So.2d 1324 (Fla. 4th DCA 1981); McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA), appeal dismissed, 411 So.2d 380 (Fla. 1981). Here there was no showing that the contract as recorded was false. Moreover, appellant suffered no damages as a result of the recording, since appellee was not deterred from purchasing the property as a result of the alleged slander. See Atkinson v. Fundaro.
Accordingly, paragraph seven of the final judgment, which awards appellant fees and costs for slander of title, is reversed and the cause remanded with directions to strike that provision from the final judgment. There being no merit to the remaining points raised on either the appeal or the cross-appeal, the final judgment is otherwise affirmed.
CAMPBELL and SCHOONOVER, JJ., concur.