431 So.2d 279 (1983)
David C. KENT, et al., Appellants,
v.
Marshall KENT, Etc., et al., Appellees.
No. 82-794.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
*280 Mark A. Zimmerman, of James, Zimmerman, Paul & Clayton, DeLand, for appellants.
Donna Sumner Cox and Charlie Luckie, Jr., of Dayton, Sumner, Luckie & McKnight, P.A., Dade City, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellants David and Joel Kent, the beneficiaries of two separate trusts created by appellee Marshall Kent, appeal from an order dismissing their second amended petition with prejudice.
Appellants raise three questions which require discussion. The first is whether their second amended petition seeking to impose a constructive trust over certain real property stated a cause of action. The second is whether their count alleging civil conspiracy stated a cause of action. Finally, appellants claim that the trial court erred in discharging the notice of lis pendens.
In count I of their second amended petition, appellants sought to impose a constructive trust over certain real property located in Volusia County. They alleged that this property was a major asset of the trusts and that it had been transferred by Marshall Kent, trustee of the trusts, to the Larry Kent Profit Sharing Trust and then to Larry Kent Homes Employees Pension Trust for less than fair consideration with intent to defraud them.
The trial court gave no reasons for dismissing the petition and appellees (Marshall Kent and his son Larry), argue that the court acted properly because:
1) under the terms of the trusts, the trustee, Marshall Kent, had the authority to sell trust property;
2) appellants' petition was based on section 726.01, Florida Statutes (1981), dealing with fraudulent conveyances and a cause of action under this statute may only be maintained by a creditor of the grantor; and
3) appellants failed to allege equitable circumstances justifying imposition of a constructive trust.
Initially it should be noted that in their second amended petition, appellants do not seek to hold Marshall Kent, as trustee, personally liable in damages for the alleged breach of his fiduciary duties in selling the property in question for a depressed price. § 737.306, Fla. Stat. (1981). See Boalt v. Hanson, 412 So.2d 880 (Fla. 3d DCA 1982).
Rather, appellants seek to recover the property by imposing a constructive trust over it. There are cases establishing that the beneficiary of a trust may pursue trust funds which have been wrongfully diverted, provided their identity has not been lost and they have not passed into the hands of a bona fide purchaser for value without notice. First State Trust & Savings Bank v. Therrell, 103 Fla. 1136, 138 So. 733 (1932). See also Smith v. Massachusetts Mutual Life Ins. Co., 116 Fla. 390, 156 So. 498 (1934); Standard Oil Co. v. Mehrtens, 96 Fla. 455, 118 So. 216 (1928). In Smith, the court noted that a purchaser with knowledge of the facts giving rise to the breach *281 of trust takes the property impressed with the trust. Smith, 156 So. at 509. See also First State Trust & Savings, 138 So. at 739; Standard Oil Co., 118 So. at 220.
Appellants have alleged that appellee Larry Kent had knowledge that the property in question was trust property, was aware of the inadequate price, and acted in concert with the trustee, his father, to defraud the beneficiaries. Under this set of facts, appellants stated grounds for equitable relief and could have recovered the property for the benefit of the trusts. Therefore, the trial court erred in dismissing count I of the second amended petition.[1]
Count II sought damages based on civil conspiracy. The gist of civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the plaintiff. Buckner v. Lower Florida Keys Hospital Dist., 403 So.2d 1025 (Fla. 3d DCA 1981). An act which does not constitute the basis for an action against one person cannot be the basis of a civil action for conspiracy. Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547 (Fla. 1978); Buckner v. Lower Florida Keys Hospital.
In Churruca v. Miami Jai-Alai, the supreme court noted that:
[O]rdinarily there can be no independent tort for conspiracy. However, if the plaintiff can show some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess, then conspiracy itself becomes an independent tort... . The essential elements of this tort are a malicious motive and coercion through numbers or economic influence.
353 So.2d at 550.
In Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla. 4th DCA 1971), the Fourth District, in discussing the essentials of a complaint for civil conspiracy, listed the following requirements:
(a) a conspiracy between two or more parties, (b) to do an unlawful act, or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.
246 So.2d at 635.
In Smyrna Developers, Inc. v. Bornstein, 177 So.2d 16 (Fla. 2d DCA 1965), the Second District held that a cause of action for civil conspiracy was stated where the complaint alleged that the defendants, attorneys who had been retained by plaintiff corporation and who were informed of the corporation's land development plans, conspired together and used this knowledge to deprive the corporation of the property and obtain it for themselves.
We conclude that the case before us is analogous to Smyrna Developers. Appellants alleged Marshall and Larry Kent conspired to deplete the trust assets and to convert those assets to themselves. They further alleged that Marshall Kent leased and sold trust assets to Larry Kent for consideration which they both knew was inadequate in a scheme to defraud appellants as beneficiaries. These allegations, if proven, would constitute conduct amounting to a civil wrong.
Finally, since it appears that the trial court discharged the lis pendens only because it dismissed the second amended petition, it is proper that upon reinstatement of the complaint on remand, the lis pendens likewise should be reinstated.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I concur with the majority opinion but I believe the matter of the lis pendens warrants *282 further discussion because I agree with the dissenting view of Judge Anstead in Boca Raton Land Development, Inc. v. Sparling, 397 So.2d 1053, 1054 (Fla. 4th DCA 1981). There is a good and simple reason for the distinction made by Section 48.23(3), Fla. Stat. (1981), between a lis pendens in an action "founded on a duly recorded instrument" and in an action which is not. "Founded on" means based upon; arising from, growing out of, or resting upon; as in "founded in fraud" "founded on the consideration", "founded on contract" and the like. Black's Law Dictionary 591 (rev. 5th ed. 1979). When a plaintiff's cause of action is founded on a duly recorded instrument the plaintiff's lis pendens can not effectively or wrongfully cloud the defendant's title to the property in question because the duly recorded instrument upon which the plaintiff's action is based already constitutes constructive notice of the plaintiff's right or claim. This commonly occurs when a mortgagee sues to foreclose a recorded mortgage, a contract purchaser sues for specific performance of a recorded purchase agreement, an owner under a recorded deed sues for a petition, ejectment or to quiet his title. In such instances under the statute a plaintiff is entitled to maintain a lis pendens as a matter of right.[1] On the other hand as to a plaintiff without a recorded interest in the property a lis pendens acts in the nature of a temporary injunction or restraining order to summarily grant a remedy that is effective to prevent the defendant from selling his property interest to a good faith purchaser for value. This is why, in this situation, Section 48.23(3), Fla. Stat. (1981), purports to give the court the same control over the lis pendens which the court has over injunctions. Likewise, this is why Section 48.23(2), Fla. Stat. (1981), makes a distinction as to the life of a lis pendens in favor of an action founded on a duly recorded instrument and against an action that is not. When the recorded instrument involved in an action is the one upon which the defendant's claim is based and the recorded instrument does not constitute the basis for the plaintiff's action then the reason for the statutory preference in favor of actions founded on recorded instruments does not exist and a misconstruction of the statute in such instance deprives a defendant of its intended benefit. This does not mean that a plaintiff whose cause of action is not based on a recorded instrument is not entitled to a lis pendens in a proper case, such as where under sworn allegations in the complaint the plaintiff would be entitled to a temporary injunction to protect claimed rights. In such cases the statute merely permits, as with injunctions, the court, in its discretion, to discharge and control the lis pendens or to require the plaintiff to give bond or other security for damages to the defendant caused by the wrongful maintenance of the lis pendens.[2]
Appellants in this case are not entitled to a lis pendens because their cause of action is founded on the recorded deeds whereby Marshall Kent, trustee for property held for the benefit of appellants, allegedly wrongfully conveyed said trust property to Larry Kent. Those recorded deeds are the instruments upon which is founded the claim of Larry Kent and other of the appellees and is not the instruments upon which appellants' causes of action are founded. Appellants' cause of action to set aside the allegedly wrongful conveyance of trust property is based on appellants' rights as beneficiaries under two declarations of trust. Those declarations of trust were attached to the "initial pleading" (see § 48.23(3), Fla. Stat. (1981)) in this action, which was a *283 petition for accounting by the trustee, but are, unfortunately,[3] not attached to appellants' second amended petition, the dismissal of which is the subject of this appeal. Those declarations of trust appear to describe certain property in Pinellas and Dade County, Florida, and to have been recorded in Pinellas County. The trust declarations do not describe the property in question which is in Volusia County although appellants' second amended complaint alleges that the Volusia County property is an asset of the trust and in the recorded deed from the trustee to Larry Kent. The grantor describes himself as trustee "under those certain Declarations of Trust dated August 31, 1964." The record before this court does not disclose whether the deed conveying the Volusia County property to the trustee referred to the trust in such manner as to give constructive notice of the trust and of appellants as beneficiaries. If the two trust declarations were recorded in Volusia and contained a description of the Volusia County property then those trust declarations could well be "duly recorded instruments." This does not mean, of course, that in this case, a reference to the declaration of trust in the trustee's deed was not sufficient to put the grantee and his successors in title on constructive notice of appellants' rights, as beneficiaries under the trust, to have the trust property sold only in good faith for full value.
The original petition for accounting in this cause was verified but the later petitions to set aside the conveyance from the trustee and to impose a constructive trust on the conveyed trust property are not verified. To the extent that a lis pendens in actions not based on recorded instruments is analogous to an injunction prohibiting the transfer of the property in question, verification is important. The prayer to Count I of the second amended petition which seeks to impose a constructive trust on the conveyed trust property, also includes a prayer for a restraining order to enjoin the sale of the property in question pendente lite. Since the complaint states a cause of action for imposition of a constructive trust on the property in question, subject, perhaps, only to verification of these allegations, appellants appear to be entitled to a temporary injunction or a lis pendens to prevent a transfer pendente lite to a good faith purchaser subject to court control under Section 48.23(3), Fla. Stat. (1981). Since it appears that the trial court discharged the lis pendens only because it dismissed the second amended petition it is proper that upon reinstatement of the complaint on remand that the lis pendens likewise be reinstated, not as a matter of right but subject to court control upon notice and hearing on a motion to discharge, as in the case of injunction.
NOTES
[1] Appellees' claim that the terms of the trusts gave the trustee authority to sell the property within his absolute discretion and therefore appellants are prevented from maintaining this action is without merit. Such discretion does not permit the trustee to use his power to deplete the trust and thereby defraud the beneficiaries.
[1] See Florida Peach Corp. v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982).
[2] See e.g. Florida Peach Corp. v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982); Levine v. Arvida Corp., 405 So.2d 1370 (Fla. 4th DCA 1981), pet. dism'd 413 So.2d 876 (Fla. 1982); Atkinson v. Fundaro, 400 So.2d 1324 (Fla. 4th DCA 1981); Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981) pet. dism'd 402 So.2d 608 (Fla. 1981); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA 1979), cert. den. 374 So.2d 99 (Fla. 1979); CAM Corp. of Broward v. Goldberger, 368 So.2d 56 (Fla. 4th DCA 1979), cert. den. 378 So.2d 343 (Fla. 1979); Dominguez v. Lopez, 346 So.2d 627 (Fla. 3d DCA 1977); Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976).
[3] See Fla.R.Civ.P. 1.130(a). See also Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982).