**PRIMERICA FINANCIAL SERVICES, INC., et al., Plaintiffs,**

v.

**William F. MITCHELL, Defendant.**

No. 98–8157–Civ.

United States District Court, S.D. Florida.

Jan. 13, 1999.

Richard Martens, John Boykin, and Charles Pickett, Jr., West Palm Beach, Florida, for Primerica Financial Services, Inc.

Peter Schneider, Atlanta, Georgia, for Primerica Financial Services, Inc.

Brian Spector, Miami, Florida, for William F. Mitchell.

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SEITZ, District Judge.

THIS MATTER comes before the Court upon the Report and Recommendation of the Honorable Barry L. Garber, United States Magistrate Judge, on Defendant's Motion to Dismiss [DE 6]. The Court has considered the above referenced Report and Recommendation, the objection thereto, and the pertinent portions of the record and is otherwise fully advised.

THE COURT hereby finds that the Report and Recommendation is well-reasoned and thorough. Defendant objects, however, asserting that there was no jurisdictional basis for the Report and Recommendation because there was no pending Motion to Dismiss at the time of the referral to Judge Garber. The Court disagrees and finds that the Motion to Dismiss was pending and ripe for review. A brief procedural history of pertinent pleadings and motions illuminates this issue.

This matter was filed on March 12, 1998, and the Motion to Dismiss was filed on April 22, 1998. On August 25, 1998, Plaintiff filed an Amended Complaint and a Motion for Leave to Supplement its Response to Defendant's Motion to Dismiss. On September 10, 1998, Defendant responded to Plaintiffs' Motion for Leave to Supplement by arguing that a supplement was an impermissible "surreply" to the Motion to Dismiss. The implication of Defendant's argument contained in his Response to the Motion for Leave to Supplement was that he intended the Motion to Dismiss be heard as to the Amended Complaint. Defendant did not explicitly withdraw his Motion to Dismiss or alert the Court that he was not renewing his Motion to Dismiss with respect to the Amended Complaint. Defendant waited three (3) months to Answer or otherwise respond to the Amended Complaint even though he contends that his Motion to Dismiss was moot upon the filing of that Amended Complaint.

On November 30, 1998, the Court granted Plaintiffs' Motion for Leave to Supplement its Response to Defendant's Motion to Dismiss and referred the Motion to Dismiss to Judge Garber. Immediately after the Court's referral of the pending motion to Magistrate Judge Garber, the matter was transferred to this Court. Two weeks later, Judge Garber rendered his Report and Recommendation that the motion be denied.

The transfer of this matter has caused some procedural confusion for the parties and this Court. However, Defendant's failure to answer the Amended Complaint for three months and his failure to explicitly notify the Court that he believed his Motion to Dismiss to be moot prior to or at the time of the referral to Judge Garber negates the credibility of his current objection to the Report and Recommendation.

Accordingly, having reviewed, *de novo,* the Report and Recommendation, dated December 17, 1998, pertinent portions of the record, and being otherwise duly advised, it is hereby

ORDERED that the Report and Recommendation of Magistrate Judge Garber to deny Defendant's Motion to Dismiss be AFFIRMED. It is further

ORDERED that Defendant's Motion to Dismiss is DENIED.

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

THIS CAUSE is before this Court on Defendant's Motion to Dismiss pursuant to an Order of Reference issued by United States District Judge Wilkie D. Ferguson. No hearing was held on this Matter.

## BACKGROUND

This case involves allegations by Primerica Financial Services ("PFS") and affiliated companies against Defendant William

Mitchell, a former agent of PFS, regarding his activities while working for PFS's competitor, World Marketing Alliance, Inc. ("WMA"), which is not a party to this action. Plaintiffs allege that Mitchell and co-conspirators have engaged in illegal conduct including unfair competition, tortious interference, and a civil conspiracy. Defendant filed this Motion in April 1998. Plaintiffs filed an initial opposition in June 1998 and then filed an amended complaint in August 1998. Accordingly, when considering this Motion, the Court will look to the operative Amended Complaint in making its determination.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a claim on the basis of a dispositive issue of law. *Burger King Corp. v. Holder*, 844 F.Supp. 1528, 1529 (S.D.Fla.1993) citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court, however, must confine its analysis to the allegations as stated in the Complaint. *Id.* It must accept those allegations as true and resolve all factual issues in favor of the non-moving party. *Id.; Quinones v. Durkis*, 638 F.Supp. 856, 858 (S.D.Fla.1986). The threshold of sufficiency that a complaint must meet is "exceedingly low." *Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds Inc.*, 982 F.Supp. 862, 864 (M.D.Fla.1997) (citing *Ancata v. Prison Health Servs.*, 769 F.2d 700, 703 (11th Cir.1985)). Accordingly, a claim may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any facts consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 72, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In order to state a claim upon which relief may be granted, Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must take "the material allegations of the complaint and its incorporated exhibits as true, and lib-

erally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hospital Corp. of Am.*, 795 F.2d 948, 953 (11th Cir.1986).

## DISCUSSION

**I. Plaintiffs Have Stated A Claim For Tortious Interference (Counts I & II).**

■ Counts I and II of Plaintiffs' Amended Complaint allege tortious interference with the PFS Sales Force and with the PFS Companies' customers. In Florida, the elements of a claim for tortious interference with a business relationship are the following:

1. Existence of a business relationship under which plaintiff has legal rights;

2. Knowledge of the relationship by defendant;

3. An intentional and unjustified interference with the relationship by the defendant; and

4. Damage to the plaintiff as the result of the breach of the business relationship.

*Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla.1994). Prior to Plaintiffs' amending their Complaint,

Defendant asserted that Plaintiffs had failed to state a cause of action because they were seeking to recover damages on behalf of their independent contractors who had, among other things, allegedly lost commissions as the result of Defendant's activities. Defendant argues that such claims brought on behalf of the sales force are not permissible under Florida law.[1] In addition, Defendant has moved pursuant to Fed.R.Civ.P. 12(e) for a more definite statement of Plaintiffs' allegations which it contends are disguised defamation claims that may be barred by the statute of limitations. The Court will address both of these arguments.

■ First, Plaintiffs have now filed an Amended Complaint that only seeks to recover damages allegedly suffered by the named Plaintiffs. Specifically, in Count I, Plaintiffs allege that they have a business relationship with their sales force of which Defendant was aware (Amended Complaint ¶¶ 66, 73); that Defendant intentionally and without privilege induced members of Plaintiffs' sales force to discontinue or not enter into a business relationship with Plaintiffs (Amended Complaint ¶¶ 67, 69–71); and, that as a result, Plaintiffs have suffered financial injury. (Amended Complaint ¶ 72). Similarly, in Count II of the Amended Complaint, Plaintiffs make comparable allegations regarding their alleged business relationships with their customers. (Amended Complaint ¶¶ 80–92). Defendant suggests that because there are no allegations that Defendant made statements or sent literature directly to Plaintiffs' customers, Plaintiffs have failed to plead Count II adequately. The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in sup-

port of his claim that would entitle him to relief.'" *S.E.C.*, 835 F.2d at 272 (quoting *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99 (1957)). Given that it does not appear beyond doubt that Plaintiffs can prove no set of facts entitling them to relief, the Court finds that pursuant to Fed.R.Civ.P. 8, Plaintiffs have adequately stated claims for tortious interference in Counts I and II of their Amended Complaint. Accordingly, those counts should not be dismissed on those grounds.

■ Second, Defendant makes a somewhat complex and clever argument in support of its motion for a more definite statement. The argument involves a series of related steps. First, Defendant contends that "a claim for tortious interference must be based on actions that are themselves independently tortious or proscribed by statute." *See* Motion to Dismiss at 4. Second, assuming that this requirement is correct, Plaintiffs must be alleging defamation as the independent tortious wrong committed by Defendant. Third, if Plaintiffs are pleading defamation, then the two-year statute of limitations may apply to the claim even though it is characterized as tortious interference. *See* Fla.Stat. § 95.11(4)(g). Defendant, however, is unable to evaluate that claim and whether it is time-barred because Plaintiffs have not specifically pled when all of the allegedly defamatory statements were made. Thus, Defendant claims that it is entitled to a more detailed statement of the claim. The Court does not agree.

In support of its initial assumption that Plaintiffs must plead an independent tort, Defendants rely upon the dissenting opinion in *GNB, Inc. v. United Danco Batteries, Inc.,* 627 So.2d 492 (Fla. 2d DCA 1993) (Altenbernd, J., dissenting). *GNB,* however, does not support Defendant's contention. In fact, Judge Altenbernd in

---

[1] In the alternative, Defendant has moved to strike all of Plaintiffs' allegations regarding its independent contractors' loss of commissions as a result of Defendant's alleged activities. The Court will not strike those allegations as

they potentially support Plaintiffs' claim that their relationship with their independent contractors was harmed and that they have lost goodwill with their sales force.

his dissent explicitly recognizes that "improper business methods" fall into *three* categories: "(1) acts which are already proscribed by statute, (2) acts which constitute separate independent torts, *and* (3) other ill-defined 'bad' acts." *Id.* at 494 (emphasis added). After finding that the first two categories were not applicable in *GNB*, Judge Altenbernd proceeded to analyze the evidence to see if it fit "the third ill-defined category of improper business methods." *Id.* Moreover, contrary to Defendant's essential argument that this claim is simply one of defamation in disguise, Judge Altenbernd himself appears to recognize implicitly that a claim for tortious interference may arise from defamatory statements. *See id.* at 500 (finding no proof that Defendant made any statement that was "inaccurate or defamatory").[2]

Although the Court does not agree with Defendant's contentions that the tortious interference counts are defamation counts in disguise,[3] the Court recognizes that the two causes of action are governed by different limitations periods. The applicable statute of limitations for a claim of tortious interference is four years, Fla.Stat. § 95.11(3)(*o*); *see also Farish v. Bankers Multiple Line Ins. Co.*, 425 So.2d 12, 16 (Fla. 4th DCA 1982), while defamation is covered by a two-year statute of limitations. *See* Fla.Stat. § 95.11(4)(g). Because Plaintiffs' tortious interference claims are intrinsically related to the alleged defamatory statements, Defendant contends that the two-year statute of limitation should apply. In support of this contention, Defendant depends upon *Fridovich v. Fridovich*, 598 So.2d 65 (Fla. 1992), a case in which plaintiff sought damages for intentional infliction of emotional distress as the result of statements made in the course of a criminal investigation. The Court found that the statements were privileged and thus could not serve as the basis for a defamation claim. *Id.* at 69. In addition, the Court found that it could not permit the plaintiff "to make an end-run around a successfully invoked defamation privilege by simply renaming the action and repleading the same facts." *Id. Fridovich*, however, is easily distinguished from the case before the Court. Although Defendant is correct that Plaintiffs appear to be relying in large part upon allegedly untruthful statements in support of their tortious interference claim, they have also pled the other circumstances and facts necessary in support of a claim for tortious interference. Moreover, at this stage in the litigation, the Court has no reason to hold that a defamation claim would necessarily be dismissed.[4]

---

**2.** Indeed, the Court notes that the *GNB* dissent also implicitly acknowledges the possibility that a tortious interference claim may be brought on the basis of a defendant's interference with a plaintiff's employees where they have written contracts containing non-compete clauses, as alleged in this case (*see* Amended Complaint ¶ 39). *Id.* at 500.

**3.** Defendant relies upon *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So.2d 607 (Fla.App.4th DCA 1975), a case in which a plaintiff sought to recover for both libel and tortious interference with contract. There, the court dismissed the entire complaint for failing to state a claim where the plaintiff did not comply with certain statutory requirements regarding libel claims. *Id.* at 609. Here, Plaintiffs have not attempted to plead a separate claim for defamation, nor has there been any showing that such a claim would be barred. Likewise, Defendant's reliance on

*Boyles v. Mid–Florida Television Corp.*, 431 So.2d 627 (Fla. 5th DCA 1983), a case in which a plaintiff alleged both libel and intentional infliction of emotional distress as a result of the allegedly libelous statements, is not persuasive. There, the court dismissed the libel claim and went on to dismiss the intentional infliction of emotional distress claim on very specific grounds. Namely, the court found that the allegations did "not set forth *an independent tort* for the recovery of damages for emotional distress. That factor has been an intrinsic, historic aspect of *the tort* " of intentional infliction of emotional distress. *Id.* at 636. Given that Plaintiffs have not pled an emotional distress claim here, the Court finds this case to be unavailing.

**4.** The Court makes no finding regarding whether the statute of limitations has run with respect to any of Plaintiffs' claims.

The Court finds that Plaintiffs' allegations of tortious interference are sufficiently pled with particularity that a more definite statement is not in order. The Court recognizes that such motions are "generally disfavored" and are only intended "to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. Partnership*, 941 F.Supp. 1189, 1195 (S.D.Fla.1996) (citing *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D.Fla.1993)). A statute of limitations bar is an affirmative defense. Defendant will have sufficient opportunity in discovery to determine whether such a defense is applicable in this case. Plaintiffs' failure to specify a date for each alleged occurrence or statement does not render its pleading deficient, and therefore, Defendant's Motion should be denied in that regard.

## II. Count III Sufficiently Alleges A Civil Conspiracy.

 The essential elements of a civil conspiracy are the following:

(a) Conspiracy between two or more parties,

(b) To do an unlawful act or to do a lawful act by unlawful means,

(c) The doing of some overt act in pursuance of the conspiracy, and

(d) Damage to plaintiff as a result of the acts done under the conspiracy.

*Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam County*, 616 So.2d 562, 565 (Fla. 5th DCA 1993) (citing *Kent v. Kent*, 431 So.2d 279, 281 (Fla. 5th DCA 1983) and finding that complaint stated a claim for civil conspiracy). Such a tort is actionable where the plaintiff can show some particular power of coercion possessed by conspirators that an individual acting alone would not have. *Id.* (citing *Buckner v. Lower Florida Keys Hosp. Dist.*, 403 So.2d 1025, 1029 (Fla.App.3rd

DCA 1981)). An actionable conspiracy "requires an actionable tort or wrong." *Id.* (citing *Wright v. Yurko*, 446 So.2d 1162, 1165 (Fla. 5th DCA 1984)). Although Rule 9(b) does not list conspiracy as a cause of action which must be pled with particularity, a complaint will be dismissed where the allegations are conclusory and vague. *Rindley v. Gallagher*, 890 F.Supp. 1540, 1557 (S.D.Fla.1995) (denying motion for summary judgment on conspiracy claim); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984). Plaintiffs may not simply aver that a conspiracy existed; Defendant must be put on notice as to the nature of the conspiracy alleged. *Id.* Plaintiffs must provide some factual basis for the legal conclusion that a conspiracy existed. *Rindley*, 890 F.Supp. at 1557.

Defendant moves to dismiss Plaintiffs' conspiracy count for two reasons. First, it contends that Plaintiffs have failed to plead the factual basis for their conspiracy claim with the necessary specificity. In particular, Defendant argues that Plaintiffs do not allege the agreement that existed between the alleged co-conspirators, the nature, purpose and scope of the agreement, the role of each alleged co-conspirator, or what overt acts were done in furtherance of the conspiracy. As a second basis for its dismissal argument, Defendant maintains that Plaintiffs' lack of standing to bring the tortious interference claims prevents it from alleging a conspiracy to interfere tortiously with a business relationship.[5] The Court disagrees.

 Plaintiffs' pleading is sufficient to put Defendant on notice as to the nature of the alleged conspiracy. Plaintiffs have named the alleged conspirators (Amended Complaint ¶ 51); have alleged certain overt acts performed by Defendant and the alleged co-conspirators in furtherance of the conspiracy (Amended Complaint ¶¶ 50–60); that the intent of the conspiracy was to interfere illegally with Plaintiffs' business relationships (Amended Com-

5. As discussed in detail *supra*, the Court has already addressed Defendant's arguments regarding the tortious interference claims and recommended that the motion be denied.

plaint ¶ 95); and that Plaintiffs have suffered financial injury (Amended Complaint ¶ 98). The Court finds that Plaintiffs' allegations are sufficiently specific to put Defendant on notice as to the nature of the conspiracy alleged. This Complaint is not one in which allegations relating to one wrongdoer have been attributed vaguely to an unidentified group. Accordingly, the Court should deny Defendant's Motion as to Count III.[6]

### III. Count IV Alleges That Defendant Is A Competitor, And Thus Plaintiffs' Unfair Competition Claim Should Not Be Dismissed.

■ Defendant argues that Count IV (Unfair Competition) should be dismissed because it contends that Plaintiffs seek to recover damages resulting from alleged unfair competition between Defendant and Plaintiffs' independent contractor sales force. Defendant maintains that Plaintiffs may not bring suit on behalf of their sales force, and thus argues that the Count should be dismissed on that basis. In its Amended Complaint, Plaintiffs explicitly state that Mitchell himself competes with Plaintiffs. (*See* Amended Complaint ¶ 1). Although the Court finds some merit in Defendant's reasoning that World Marketing Alliance, Inc. ("WMA"), the company with whom Defendant Mitchell is now affiliated, is the "real" competitor of Plaintiffs, the Court cannot so find on a motion to dismiss.[7] Given the allegations in the Complaint, this issue will more appropriately be addressed in a motion for summary judgment. Accordingly, the Court should deny Defendant's Motion to Dismiss Count IV.

### IV. Plaintiffs Have Stated A Claim For Unjust Enrichment.

■ The elements for a claim for unjust enrichment are the following: "(1) a benefit conferred upon defendant by plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Nautica Intern., Inc. v. Intermarine USA, L.P.*, 5 F.Supp.2d 1333, 1341 (S.D.Fla.1998) (quoting *Hercules Inc. v. Pages*, 814 F.Supp. 79, 80 (M.D.Fla.1993) and dismissing unjust enrichment claim for failure to allege that inadequate remedy existed under law). Defendant claims that Plaintiffs have not alleged that they conferred any benefit on Defendant. Although the Court agrees with Defendant that this case presents an unusual factual scenario for an unjust enrichment claim, the Court cannot hold that Plaintiffs are unable to state a claim for unjust enrichment given the allegations contained in the Amended Complaint. For example, the Amended Complaint contains allegations that Defendant unjustly received certain benefits from Plaintiffs including confidential and proprietary information, the goodwill of Plaintiffs' customers, and those customers themselves and the revenues derived therefrom. (*See, e.g.*, Amended Complaint ¶¶ 3, 41, 42). Although Plaintiffs, under their theory of unjust enrichment, do appear to be attempting to recover additional benefits that can only have been conferred by Plaintiffs' sales force, such as commissions, Plaintiffs have met the exceedingly low threshold for pleading a claim.[8] Accordingly, the claim should not be dismissed.

---

**6.** In the alternative, Defendant has requested that the conspiracy count be limited to only those individuals named in the Complaint. The Court should decline this invitation. Plaintiffs are entitled to conduct reasonable discovery regarding this Count. If that discovery leads to evidence of additional co-conspirators, this Court will not prematurely foreclose the possibility that Plaintiffs may use that evidence in presenting their case.

**7.** Plaintiffs apparently have chosen not to sue WMA, in part, because to do so might destroy this Court's diversity jurisdiction.

**8.** Defendant has also moved to dismiss Count VII of the original Complaint because it is a count for Injunctive Relief. Defendant con-

## V. The Pleading Provisions of Fla.Stat. § 768.72 Do Not Apply To State Claims Being Litigated In Federal Court.

Defendant's final argument is that Plaintiffs' claim for punitive damages should be barred because Plaintiffs failed to comply with Fla.Stat. § 768.72 in pleading a claim for punitive damages. Section 768.72 provides that:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.... The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably likely to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

The courts in the Southern District are split regarding whether § 768.72 applies to litigants pleading punitive damages claims under Florida law in federal court.[9] *See Teel v. United Technologies Pratt & Whitney*, 953 F.Supp. 1534, 1536 n. 2 (S.D.Fla. 1997) (collecting cases on both sides of the issue). It is well-settled that a federal court sitting in diversity must apply the common law and statutes of the relevant state provided that the Constitution or federal law does not require otherwise. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When considering a potential conflict between a state law and the Federal Rules of Civil Procedure, a court must apply the analysis set forth by the Supreme Court in *Hanna v. Plumer*, 380 U.S. 460, 471–72, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). If there is a conflict, the Federal Rules must apply unless there is no justification in the Constitution or federal law. If no such conflict exists, then the Court applies a conventional *Erie* analysis in order to prevent forum shopping.

This Court agrees with the majority of judges in the Southern District in finding that § 768.72 is not applicable to Plaintiffs. In reaching this holding, this Court is persuaded by the articulate and detailed analysis contained in Judge Ryskamp's opinion in *Tutor Time Child Care Systems, Inc. v. Franks Investment Group, Inc.*, 966 F.Supp. 1188 (S.D.Fla.1997). In *Tutor Time*, the court undertook an analysis to determine if § 768.72 conflicted with any federal rule, namely Fed.R.Civ.P. 8(a) (requiring a short plain statement of claim) or 9(g) (mandating that claims for special damages be specifically stated). The court found that the state statute conflicted with both rules. *Id.* at 1190.

First, with respect to Rule 8, the court held that any state statute "imposing a pleading requirement stricter than that of Rule 8 conflicts with the Federal Rules." *Id.* at 1191. Likewise, the *Tutor Time* court found that § 768.72 conflicted with Rule 9. *Id.* at 1192. Rather than being required to state a claim for punitive damages specifically as provided in Rule 9, a plaintiff would be forced to proffer evidence sufficient to sustain the claim. *Id.* Such stringent requirements conflict with the spirit of the Federal Rules. After the *Tutor Time* court found that the Federal Rules and the state statute conflicted, the court proceeded to the second step of the *Hanna* analysis to determine if the Rules were constitutionally promulgated pursuant to the Rules Enabling Act. *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). The

---

tends that an injunction is a remedy and not a cause of action. Plaintiffs' Amended Complaint includes injunctive relief as both a separate count and in their plea for relief. Accordingly, the Court finds that this is a distinction without a difference, and thus, the Motion to Dismiss the Injunctive Relief Count should be denied.

9. The Court notes that there is unanimity among Southern District Judges regarding the discovery portion of § 768.72. *See Teel*, 953 F.Supp. at 1536. That part of the statute is applied as substantive law in federal courts. *Id.*

Court found that there was no reason to doubt the constitutionality of Rules 8 or 9.

This Court adopts the *Tutor Time* analysis and agrees with the majority of courts in the Southern District in holding that the pleading requirements of Fla.Stat. § 768.72 are not applicable to federal diversity litigants. Accordingly, Plaintiffs' claims for punitive damages should not be dismissed.

### RECOMMENDATIONS

For the foregoing reasons, this Court respectfully recommends that Defendant's Motion to Dismiss be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Wilkie D. Ferguson, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988). Dec. 17, 1998.