COPE, Judge.
Ford Motor Credit Co. appeals a non-final order determining the right to immediate possession of property. We reverse.
Ford Motor Credit Co. (lender) made an automobile loan to Manuel and Lillian Ramirez to purchase a 1992 Mercury Cougar. The lender’s lien was recorded on the face of the Florida title. Thereafter the owners were killed in the vehicle and the police department requested that appellee Southwest Transport, Inc., d/b/a Southland The Towing Company (“towing company”) tow and store the car.[1] The lender received no notification from the towing company that the towing company was holding the car.
The lender began an inquiry into the status of the loan account because the automobile loan payments were not being made. On April 11,1995, the lender discovered that the owners of the automobile were deceased and that the automobile had been held by the towing company for a considerable period of time. The towing company advised the lender that it would not release the vehicle without payment of towing and storage charges which, as of April 11, 1995, amounted to $1,491.00.[2]
The lender objected to the storage charges on the ground that the lender had not received the notice required by Section 713.78, Florida Statutes (1993). The lender brought suit for replevin and other relief. The trial court ruled that the towing company had a lien on the ear for its towing and storage charges pursuant to Section 713.78, Florida Statutes, and that the towing company was entitled to retain possession of the vehicle until the charges were paid. The lender has appealed.[3]
Section 713.78, Florida Statutes, provides that a towing company is entitled to a lien on a vehicle which it tows and stores, for example, if the vehicle is towed in response to the request of a law enforcement agency. Such a request was made in this case.
Insofar as is pertinent here, the statute requires the towing company to send notice to the registered owner and lienholder as follows:
(3)(b) Notice by certified mail, return receipt requested, shall be sent within 7 business days after the date of storage of the vehicle to the registered owner and to all persons of record claiming a lien against the vehicle. It shall state the fact of possession of the vehicle, that a lien as provided in subsection (2) is claimed, that charges have accrued and the amount *1070 thereof, that the hen is subject to enforcement pursuant to law, and that the owner or lienholder, if any, has the right to a hearing as set forth in subsection (4), and that any vehicle which remains unclaimed, or for which the charges for recovery, towing, or storage services remain unpaid, may be sold in 35 days free of all prior hens.
[[Image here]]
(8) Failure to make good faith best efforts to comply with the notice requirements of this section shall preclude the imposition of any storage charges against such vehicle.
§ 713.78(3)(b), (8), Fla.Stat. (emphasis added).
In this case the towing company sent the statutory notice to the lender at the lender’s address as shown on the motor vehicle title. The certified letter was returned to the towing company undehvered, with the notation that the lender’s forwarding order had expired.
The towing company took no further steps to give notice to the lender. Although the lender’s current address and telephone number are shown in the local telephone book, the towing company did not make any effort to call the lender or to remail the statutory notice to the current address. Additionally, during this very same time interval, the towing company had towed in other vehicles where this lender was the lienholder of record, and the towing company sent the statutory notice to the correct current address. In other words, the towing company’s current records revealed the current address for the lender, but the towing company did not look in its own records.
The statute in this case provides that “[f]ailure to make good faith best efforts to comply with the notice requirements of this section shall preclude the imposition of any storage charges against such vehicle.” § 713.78(8), Fla.Stat. Here the towing company did not use any effort, much less best efforts, to give actual notice to the lender once the original mailing had been returned undelivered. The towing company could have readily given notice to the lender either by looking in the local telephone book, or by looking in its own records. Since the towing company did not use good faith best efforts to comply with the statute, the towing company must forfeit the storage charges.
We note, however, that subsection 713.78(8) only calls for forfeiture of storage charges and does not affect the towing company’s right to be paid a reasonable towing fee. Further, the towing company is entitled to a lien for the towing charge. Consequently the order under review must be reversed and the cause remanded with directions to recalculate accordingly.
In denying relief to the lender, the trial court reasoned that the failure to receive notice was the lender’s fault for failure to timely file a change of address with the Department of Highway Safety and Motor Vehicles.[4] We think that the trial court took too narrow a view of the protections built into this statute.
Under section 713.78, the same rules apply to the ordinary citizen who owns a car, as well as to the lender who has a lien recorded on the face of the title. The statute grants very substantial powers to towing companies. So long as the towing company complies with the notification requirements of the statute, the towing company is entitled to impose storage charges and to have a lien on the vehicle until such time as the charges are paid. As the facts of the present case demonstrate, storage charges can accumulate very rapidly, to the point that in some eases, ordinary citizens would be unable to pay them. Further, if the charges are not paid, then the statute provides a procedure under which the vehicle can be sold. Id. § 713.78(5).
Because the statute provides a procedure whereby the citizen or lender may be required to pay very substantial charges in order to retrieve the vehicle, or may lose the vehicle entirely, the statute requires the towing company to make good faith best efforts to give notice to the owner and lienholder promptly after the vehicle is towed, id. § 713.78(3), as well as notice of any sale. Id. *1071 § 713.78(5). The fact that the address on the title may be out of date does not, in our view, relieve the towing company of the obligation to use good faith best efforts to give actual notice.[5]
The trial court also faulted the lender for not filing its complaint within ten days of learning of the location of the vehicle. See id. § 713.78(4)(a). For present purposes we need not explore the scope of this provision of section 713.78, except to say that we do not consider the ten-day provision to be jurisdictional. In this case there is no showing of any prejudice to the towing company because the lender’s suit was filed sixteen days, instead of ten days, after the lender learned of the location of the vehicle.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.[6]

. The police placed a hold on the car for three weeks, apparently for a homicide investigation.

. The charges were $190.00 for towing, $17.00 administration charge, and $21.00 per day for storage. By the time of the hearing the total charges were $2,097.00.

.The lender posted a bond pursuant to paragraph 713.78(4)(b), Florida Statutes, in order to secure the interim release of the vehicle and halt further storage charges.

. The lender’s affidavit states that the Department refused to process changes of address when the lender moved its Miami office because of the large number of titles involved. The towing company has not disputed this assertion. However, we do not rest our decision on this point.

. To hold otherwise could raise serious due process issues.

. We agree with the towing company that paragraph 713.78(3)(c) does not apply to the present case. That paragraph applies where the towing company “has been unable to locate the owner or lienholder and a physical search of the vehicle has disclosed no ownership information and a good faith effort has been made.” Id. (emphasis added).
713.78(3)(c) outlines six steps which a towing company should follow as a "good faith effort" to determine "prior state of registration and for title....” Id. This paragraph is directed to the situation arising primarily when a vehicle is towed in without a tag.
By contrast, in the present case the vehicle had a tag and the towing company was able to obtain the title information. In such a circumstance notice is to be sent as prescribed in paragraph 713.78(3)(b).